# EX PARTE: IN THE MATTER OF THE STATE OF OKLAHOMA (NO. 2).

No. 10. Original.   Argued April 4, 5, 1910; ordered for reargument before full bench May 31, 1910; reargued February 23, 1911.—Decided April 3, 1911.

Writs of prohibition refused on authority of *Ex parte Oklahoma, ante,* p. 191.

THE facts are stated in the opinion.

*Mr. Joseph W. Bailey* and *Mr. Fred S. Caldwell* for the State of Oklahoma.

*Mr. Joseph S. Graydon,* with whom *Mr. Lawrence Maxwell* and *Mr. E. G. McAdams* were on the brief, for respondents and as *amici curiæ.*

*Mr. S. T. Bledsoe,* with whom *Mr. A. B. Browne, Mr. Alexander Britton, Mr. Evans Browne* and *Mr. J. B. Cottingham* were on the brief, for respondents in opposition.

MR. CHIEF JUSTICE WHITE delivered the opinion of the court.

In this case it is asked that a writ of prohibition be issued restraining District Judge Cotteral, sitting as judge of the Circuit Court for the Western District of Oklahoma, from further proceeding in seven separate actions commenced in said court—two brought by railroad companies and five by shippers—like in character to the cases which formed the basis of the application made in No. 9, Original. The grounds upon which the right to the writ in this case is based are also substantially the same as in the other.

Of the seven suits referred to the first was commenced by the Atchison, Topeka and Santa Fe Railway Company in August, 1908, the second by the Missouri, Kansas and Texas Railway Company in October, 1908, and the remaining cases were commenced in October and November, 1909.

The bill of the Atchison road, among other things, alleged the taking possession by the defendants of more than forty-three separate interstate shipments of intoxicating liquors while in the custody of the railway company and before delivery to the consignee and the threatened confiscation of the property. In both of the suits commenced by the railway companies no jurisdictional objection was raised at any time in the Circuit Court. Not only was this so, but in a cross complaint incorporated with answers filed in each case one of the defendants, counsel to the governor of Oklahoma, prayed relief against the railway companies, upon the theory that by the delivery of interstate shipments to persons who intended to use the

same in violation of the state prohibition law, the "complainant thereby creates a public nuisance in said State." In the five suits commenced by foreign liquor dealers, however, demurrers "for lack of jurisdiction and equity" were filed, and in all but one lengthy answers were filed. In two of the cases numerous affidavits were filed and temporary orders were refused, whereupon amended bills were filed and temporary injunctions were granted. Proceedings in contempt were also instituted in several of the cases for alleged violations of the injunctions. Moreover, in several of the cases the demurrers were heard and overruled, while in the others no action was taken subsequent to the filing of the answers or demurrers. In certain of the cases also affidavits were filed to the effect that goods which had been ordered returned by a justice of the peace upon the ground that they were exempt from seizure because the interstate transportation had not ended were again seized upon search warrants issued by another justice.

In his return to the rule to show cause the District Judge, among other things, said:

"The jurisdiction of the Circuit Court in these cases is supported in general by the averments in the pleadings of the complainants that the opposing parties are citizens of different States and that the respective amounts in dispute exceed $2,000.00; and furthermore that the cases arise under the Constitution of the United States by involving acts of alleged interference with transactions in interstate commerce and the question of the right to protection of the same. The equity jurisdiction of the court is invoked by the complainants on the ground of the necessity of relief to prevent irreparable injury and avoid a multiplicity of suits.

"The pleadings disclose that the complainants allege transactions by way of shipment of intoxicating liquors from other States to points in Oklahoma, and assert the

right to the transportation and delivery of the same to consignees in the State, as commodities of interstate commerce, and charge actual and threatened seizures thereof by the defendants before delivery within the State, not remediable at law. Wherefore, the amount in dispute being found sufficient, the jurisdiction of the court was held to arise for the purpose of hearing and investigating the grievances complained of and any defense which might be interposed, and to grant or deny relief as the facts and the law might warrant. Although the defendants sought to justify their conduct upon the ground that they were state officers and represented the State in discharging their duties, the court was of the opinion that jurisdiction existed to proceed, consistently with the Eleventh Amendment to the Federal Constitution.

\*    \*    \*    \*    \*    \*    \*    \*

"The question made upon the jurisdiction of the court was regarded as one pertaining to the merits rather than to original jurisdiction, and as instituting the inquiry whether in the exercise of jurisdiction the defendants might be relieved of the suits on the ground that they represented the State. But it was believed that before the defendants could succeed with that defense, it was incumbent on them to justify their conduct under a valid law of the State, and that this they could not do, if the liquors they were seeking to seize and confiscate were undelivered commodities of interstate commerce.

\*    \*    \*    \*    \*    \*    \*    \*

"With respect to the objection founded on section 720 of the Revised Statutes of the United States, it appears that the orders by their terms do not stay proceedings or direct the restoration of property, but restrain seizures. It was the opinion of the Circuit Court that the statute does not limit the federal judicial power so as to forbid injunctions against future proceedings. But aside from this, if the orders were not erroneous, they do not affect

the seizure of property subject to the police power of the State."

It is manifest that the reasons which led to the refusal to issue the writ in No. 9, Original, just decided, are applicable to and control this case, and the order therefore will be

*Rule discharged and prohibition denied.*