PENDLEY v. ALLEN, Justice of Peace, *et al.*

No. 5869. Opinion Filed November 24, 1914.

Application for Rehearing 'Stricken from the Files February 2, 1915.

(145 Pac. 1157.)

PROHIBITION—Right to Remedy—Existence of Other Remedy. Where
petitioner has a plain, speedy, and adequate remedy at law by
appeal to the district court from the refusal of a justice of the
peace to discharge an attachment for failure to require an attach-
ment bond, a petition for the extraordinary writ of prohibition
to prohibit such court from proceeding further in such case
will be denied .

(Syllabus by the Court.)

Original action for writ of prohibition by Wriley Pendley
against T. G. Allen, Justice of the Peace of Precinct No. 14, of
Miami, Okla., and another. Writ denied, and petition dismissed.

*A. C. Towne,* for petitioner.

RIDDLE, J. This is an original application to this court
for writ of prohibition. The petition avers, in substance, that in
October, 1913, one Francis Jones filed her bill of particulars be-
fore J. L. Spear, a justice of the peace in precinct No. 13, in the
city of Miami, Ottawa county, Okla., against petitioner herein;
that she also filed her affidavit for attachment and affidavit show-
ing her inability to give security for costs; that the justice of
the peace wrongfully and without authority of law issued an at-
tachment directed to the constable to proceed to execute the same,
without first requiring an attachment bond to be executed and filed
as required by law; that the constable levied said attachment up-
on certain goods and property of petitioner; that petitioner filed
his motion to discharge said attachment, which was overruled by
said justice of the peace. Thereafter, upon a change of venue, said

proceeding was transferred to T. G. Allen, respondent herein, a justice of the peace of precinct No. 14; that motion was filed before said T. G. Allen to discharge said attachment, which motion was overruled; that said court is without jurisdiction to hear and determine the cause, and was without jurisdiction to issue the writ of attachment, without requiring a bond to be executed and filed. It is further alleged that the application was made to Hon. Preston S. Davis, judge of the district court of said county, for a writ of prohibition, which was, after hearing, denied. The universal rule is that, where there is a plain, speedy, and adequate remedy at law, the writ of prohibition will not be issued. 32 Cyc. 613-615.

In the case of *Pioneer Telephone & Telegraph Co. v. City of Bartlesville,* 27 Okla. 214, 111 Pac. 207, this court, speaking through Justice Williams, in the second paragraph of the syllabus said:

"Prohibition will not lie where an inferior court having jurisdiction of both the subject-matter and the parties, making an erroneous application of the law, grants an injunction, an appeal lying from said order to the Supreme Court, pending which such order may be superseded."

In the case of *Alexander v. Crollott, Justice of the Peace,* 199 U. S. 580, 26 Sup. Ct. 161, 50 L. Ed. 317, which was an appeal from the judgment of the Supreme Court of the territory of New Mexico, quashing a writ of prohibition by that court to defendant Crollott, a justice of the peace of Bernalillo county, it was said:

"Although a writ of prohibition will lie to an inferior court, when it is acting manifestly beyond its jurisdiction, such writ will issue only where there is no other remedy. *Smith v. Whitney,* 116 U. S. 167 [6 Sup. Ct. 570, 29 L. Ed. 601]; *In re Cooper,* 143 U. S. 472, 495 [12 Sup. Ct. 453, 36 L. Ed. 232]; *In re Rice,* 155 U. S. 396, 403 [15 Sup. Ct. 149, 39 L. Ed. 198]; *In re New York, etc., Steamship Co.,* 155 U. S. 523, 531 [15 Sup. Ct. 183, 39 L. Ed. 246]. By this answer Alexander claimed to be the

owner of the property and alleged a want of jurisdiction on the part of the justice to determine the question of ownership in a proceeding for forcible entry and detainer. The justice decided against him. Under such circumstances he should have taken an appeal to the district court under section 3358 of the New Mexican Code, which provides that: 'An appeal shall be allowed to the district court in all cases wherein judgment may be hereafter rendered in forcible entry and unlawful detainer, or both.' No reason is apparent why this appeal was not taken. The fact that the judgment may have been void will not prevent its reversal upon appeal [citing authorities], nor does the requirement of a bond obviate the necessity of an appeal. It is one of the ordinary incidents of litigation."

See, also, *Ex parte, In the Matter of the State of Oklahoma, by Charles N. Haskell, Governor, etc.*, 220 U. S. 191, 31 Sup. Ct. 426, 55 L. Ed. 431; *Ex parte, In the Matter of the State of Oklahoma* (No. 2), 220 U. S. 210, 31 Sup. Ct. 431, 55 L. Ed. 436.

We would not be understood as laying down a rule that in no case will a writ of prohibition lie on the ground that there is a legal remedy by appeal, for, if there are obstacles in the way which prevents a party from following the usual and ordinary procedure on appeal, or cases where such remedy would not be adequate to protect the rights of the parties, such facts would bring the case within the exception to the general rule, and this court would undoubtedly have jurisdiction to issue the writ in all such cases where its original jurisdiction under the Constitution may be invoked. But the case before us does not come within that class of cases. There is no reason suggested why an appeal in this case would not have afforded complete and adequate relief. The justice had full jurisdiction over the subject-matter and the parties. The question raised is that he issued the ancillary writ of attachment without first requiring the statutory bond to be filed. The case could have been tried in the justice court and appealed to the district court, where the case would be tried *de*

*novo,* and a motion could be entertained there at any time for the purpose of dissolving the attachment before the court or the judge in chambers. The proceeding provided by law for appeal and for hearing of such motion is speedy, complete, and adequate, and the same relief could be obtained by such proceedings as could be by petition to this court for writ of prohibition. There is no reason assigned why the district court refused the writ of prohibition, but, in the absence of any other showing, it may be presumed that it was upon the ground that petitioner has a plain, speedy, and adequate remedy by appeal.

For the foregoing reasons, the writ must be denied, and the petition dismissed.

All the Justices concur, except KANE, C. J., absent and not participating.