## MacTHWAITE OIL & GAS CO. v. BOLEN, District Judge, et al.

No. 10392—Opinion Filed Dec. 23, 1919.

Rehearing Denied Feb. 17, 1920.

(Syllabus by the Court.)

1. **Prohibition—When Writ Lies—Remedy by Appeal—Temporary Injunction.**

Prohibition will not lie where an inferior court, having jurisdiction of both the subject-matter and the parties, making an erroneous application of the law, grants a temporary injunction, an appeal lying from said order to the Supreme Court, pending which said order may be superseded.

2. **Appeal and Error—Decisions Reviewable—Temporary Injunction.**

An order of the district court or a judge thereof in chambers allowing a temporary injunction may be reviewed in the Supreme Court before final judgment in the case.

3. **Courts—Acts Coram Non Judice—Grant of Temporary Injunction.**

The violation of the rules relating to the exercise of jurisdiction does not, any more than in any other case of erroneous decision, make the action of the court coram non judice. To grant such an injunction when the state of the case, tested by the rules established for the exercise of jurisdiction, does not warrant it, is nothing more than judicial error. It is not an act in excess of jurisdiction.

Prohibition by the MacThwaite Oil & Gas Company against J. W. Bolen, district judge, and the city of Ada. Writ denied.

Robt. Wimbish and W. C. Duncan, for petitioner.

J. W. Dean and E. S. Ratliff, for respondents.

KANE, J. This is an original proceeding in this court, commenced by the petitioner for the purpose of obtaining a permanent order prohibiting J. W. Bolen, as district judge, from making any orders or from giving force and effect to any orders heretofore made by him in a certain cause pending before him. The proceeding in which further action by the district court is sought to be prohibited was an action commenced by the city of Ada against the petitioner herein for the purpose of forfeiting its franchise as a public utility, heretofore granted by the city, for alleged breach of the conditions upon which said franchise was granted. Upon the filing of the petition in the district court to forfeit the franchise and upon presentation of the same in the district court, a temporary injunction was issued restraining the defendant in that action from putting into effect a higher rate for its gas than provided for in the franchise, and from further conducting its business in violation of the terms of the franchise until the 28th day of December, 1918, the date said temporary order was made returnable.

After the issuance of this temporary injunction, the petitioner by its counsel appeared before the district court and by way of demurrer and motion to dissolve the restraining order challenged the jurisdiction of the court to issue said order, or to in any way interfere with the petitioner in putting into effect its proposed raise in rates, or to interfere with the conduct of its business. Upon the court ruling against the defendant upon this motion and demurrer, this original proceeding was commenced in this court.

The respondents, answering, say that the relief prayed for should not be granted: (1) For the reason that the district court, having jurisdiction over both the parties and the subject-matter of the action pending before it, had full and complete power and authority to issue the orders complained of herein. (2) The writ of prohibition should not be issued herein and should not be made absolute, for the reason that the petitioner has a plain, adequate, and speedy remedy at law by which it may have corrected any errors the trial court may commit during the progress of the action pending before it.

It seems to us that both of these contentions are well taken and well supported by the great weight of authority. In Pioneer Telephone & Telegraph Co. v. City of Bartlesville, 27 Okla. 214, 111 Pac. 207, a case somewhat similar to the one at bar, it was held that:

"Prohibition will not lie where an inferior court, having jurisdiction of both the subject-matter and the parties, making an erroneous application of the law, grants an injunction, an appeal lying from said order to the Supreme Court, pending which said order may be superseded."

In the same case it was also held that:

"An order of the district court or a judge thereof at chambers allowing a temporary injunction may be reviewed in the Supreme Court before final judgment in the case."

And it is no answer to this to say that the order sought. to be prohibited was improvidently or erroneously issued. For the violation of the rules relating to the exercise of jurisdiction does not, any more than in any other case of erroneous decision, make the action of the court coram non judice. To exercise such jurisdiction wnen the state of the case, tested by the rules established for the exercise of jurisdiction, does not warrant it, is nothing more than judicial error. It is not an act in excess of jurisdiction. State ex rel Powhatan Coal & Coke Co., 9 L. R. A. (N. S.) 1225.

In Morrison v. Brown, 26 Okla. 201, 109 Pac. 237, where the writ of prohibition was denied upon the ground that prohibition cannot be resorted to when the ordinary and usual remedies provided by law are available, it was said:

"For the purpose of this case it may be conceded that the restraining order was improvidently and erroneously issued, and ought to be modified and prohibition would not lie, for the reason that section 5768, Comp. Laws of Oklahoma 1909, provides the defendant with an effective remedy."

The general rule on this point is stated in 32 Cyc. 612, as follows:

"Where the jurisdiction of a tribunal rests upon contested facts, prohibition will not lie to restrain it from proceeding in a cause while question of jurisdiction, after being raised by an appropriate pleading or objection, remains undetermined, and although the lower tribunal may in such case err in its determination of the question of jurisdiction, prohibition will not lie to review such error."

The district court undoubtedly having jurisdiction over the parties and the subject-matter of the action, we are disposed to leave the parties to their ordinary remedy by appeal for a correction of such errors they may complain of during the progress of the proceeding.

For the reasons stated, the writ is denied.

OWEN, C. J., RAINEY, V. C. J., and PITCHFORD, JOHNSON, HIGGINS, and BAILEY, JJ., concur.