## CASE v. CITY OF TULSA et al.

No. 13956—Opinion Filed Feb. 13, 1923.

(Syllabus.)

**1.. Courts—City Court Jurisdiction—Confiscation of Contraband Property.**

Under chapter 199, Session Laws of 1919, the municipal court of the city of Tulsa has jurisdiction to hear and determine a cause instituted in the name of the city, to confiscate personal property used in connection with the violation of the prohibitory and gambling laws of the state.

**2. Prohibition—Grounds—Doubtful Right of Appeal.**

Since the court against which the writ of prohibition is sought has jurisdiction to hear and determine the cause, prohibition will not lie merely because the right of appeal, or the court to which an appeal, if taken, should be perfected, may not be clearly granted or pointed out.

**3. Jury—Tulsa City Court—Jury Trials.**

The municipal court of the city of Tulsa, being under said chapter 199, Session Laws of 1919, a court of record, the county is liable for the jury fees incurred in said court where cases are prosecuted therein where, under the statute, the county court has concurrent jurisdiction, and the board of county commissioners of the county has full authority to order issuance of warrants on proper county funds for the payment thereof.

Original application for writ of prohibition by Charlie Case against the City of Tulsa and certain officers thereof. Writ denied.

Crossland, Ward & Chase, for plaintiff in error.

I. J. Underwood, Harry L. S. Holley, and W. E. Foreman, for defendants in error.

BRANSON, J. The plaintiff herein, Charlie Case, filed his petition in this court on November 18, 1922, invoking the original jurisdiction of this court under section 2, art. 7, of the state Constitution, to issue, among other writs, a writ of prohibition, and in his petition prays that this court grant a writ of prohibition against the defendants therein named, to wit, the city of Tulsa, Reece Moran, chief of police of the city of Tulsa, and S. E. Dunn, judge of the municipal court of the city of Tulsa, prohibiting the said defendants from exercising the jurisdiction assumed in a cause instituted in said court, entitled, "State of Oklahoma and City of Tulsa, Oklahoma, a Municipal Corporation, v. One Ford Touring Car Automobile," and which proceeding is instituted for the purpose of confiscating the automobile therein mentioned, and which is the property of the plaintiff.

The plaintiff in his petition, among other things, says that on the 10th day of October, 1922, the chief of police of the city of Tulsa seized the said Ford touring car, and is seeking to have the same condemned by an order and judgment of the municipal court of the said city of Tulsa, on the ground that said car, when seized, was being used for unlawfully transporting intoxicating liquors within the city limits of the said city of Tulsa, and that the judge of said court, to wit, the said respondent, S. E. Dunn, has assumed jurisdiction in said matter, and is about to try said case. Plaintiff further states that said municipal court is without jurisdiction to proceed in the action, for numerous reasons herein presently set out.

An alternative writ of prohibition was issued, and the defendants filed their response to said writ, in which they admit that the said Ford touring car was being held by the defendant, Reece Moran, chief of police of the city of Tulsa, to be forfeited as provided by law, after due and legal hearing before S. E. Dunn, judge of the municipal court of said city, in the event the municipal court should render a judgment of forfeiture against said car, it having been charged by the defendant Reece Moran that said car has been used for the purpose of transporting intoxicating liquor within the limits of said city, in violation of the prohibitory laws of the state of Oklahoma. Said return further denies that the said municipal court is without jurisdiction to proceed for any reasons alleged in plaintiff's petition, and denies that the plaintiff has no adequate remedy at law, and denies that said proceeding is a civil action, but says that said proceeding is in the nature of a criminal action.

Upon the filing of said return, plaintiff filed his motion for judgment on the pleadings, and upon this record the matter is submitted to this court.

Plaintiff in his brief says:

(1) That this court has jurisdiction to grant the writ.

(2) That chapter 199, Session Laws of 1919, is inoperative in so far as the city of Tulsa is concerned, and that any and all attempts to exercise jurisdictional functions by said court is void.

(3) That the charter of the city of Tulsa provides for a municipal court for the said city, and that the Legislature is without authority to create a municipal court therefor.

(4) That the city of Tulsa is a city of the first class, operated under a charter form of government, and Legislature could not

create such a court when the charter had provided for a municipal court.

(5) That the attempted proceedings in the municipal court of the city of Tulsa are in violation of the laws of the state of Oklahoma, in this, to wit, that the laws of the state of Oklahoma provide that all property sought to be confiscated shall be by the officer taken possession of and delivered to the sheriff of the county.

(6) That the statute creating the municipal court makes no provision for the summoning or impaneling of a jury to try a case of confiscation, as the court is attempting to do in this case, and for that reason the proceeding in this court would be voi. and in violation of the constitutional rignts of the plaintiff herein.

(7) That the statute creating said court makes no provision for an appeal in a civil case, but provides that all appeals shall be prosecuted to the Criminal Court of Appeals, which would have no jurisdiction in a case of this character.

The first contention as hereinabove set out is not disputed.

The second contention cannot be sustained, under the constitutional provision of this state, authorizing cities to adopt a charter form of government, and the decisions thereon. Section 3, art. 18, Williams' Constitution; In re Cloherty (Wash.) 27 Pac. 1064; State v. Scales, 21 Okla. 683, 97 Pac. 584, and cases there cited; Ex parte Shaw, 53 Okla. 654, 157 Pac. 900; C. W. Bishop v. City of Tulsa (not officially reported as yet, but found in the Appellate Court Reporter, vol. 19, No. 12, page 181) decided by Criminal Court of Appeals September 21, 1922.

This also answers the third and fourth contentions of plaintiff.

The fifth contention of the plaintiff is that said act never intended to vest in said municipal court the power to try and confiscate property used in violation of the prohibitory laws of the state, for the reason that the Legislature of 1919 enacted chapter 19 of the Session Acts thereby, under which officers who seize liquors or personal property used for the purposes of violating any of the prohibitory or gambling laws of the state, should turn same over to the sheriff of the county, which act became effective March 15, 1919.

Said chapter 19 is a general statute, and applies to all the officers in the state who may seize intoxicating liquors or personal property used in violating the prohibitory or gambling laws, and there is nothing in the general provisions of said act which does in any wise conflict with the special provisions of the act of the same Legislature creating the municipal court. Under the provisions of the said municipal court bill, all process and writs may be issued either to the chief of police of the city or the sheriff of the county. Should the chief of police in the instant case turn over to the sheriff of the county the automobile in question, and the municipal court should enter judgment ordering said property confiscated and sold as provided by law, the municipal court could issue its order to the sheriff with the same force and effect as the county court in a like proceeding could do.

In support of his contention No. 6, plaintiff in his brief says that under the said municipal court bill, while the jury commissioners are required to select and prepare a list of not less than 300 qualified persons as petit jurors, in the same manner as jurors are selected for the county court, there is no provision in the said municipal court bill for summoning, impaneling, or paying, said jurors, and that the city of Tulsa, not being liable for the jury services, the county could not pay for such jury services, and for these reasons the statute is inadequate to provide a jury for said court, and the court is without the necessary machinery to administer justice in the character of case now at bar.

While we may concede that the terms and provisions of the statute in question are not as broad and comprehensive as they should have been made, yet we cannot agree with the contention of counsel that the act is not sufficiently broad in its provisions, when taken with the general law, to authorize not only the summoning and impaneling of a jury, but also for paying the jurors for their services. Section 6 of the act provides that the jury commissioners of the county shall prepare a list of 300 qualified jurors; that the judge of the municipal court shall file the same with the records of said court, etc., and the details of how a jury shall be drawn from said list of names. Section 8 provides that a jury panel may be drawn on order of the judge. Section 9 provides that in event of exhaustion of the regular jury panel, a special panel may be summoned. Section 10 provides that a jury for trial of cases in said court shall consist of 12 persons, who shall be selected, impaneled, and qualified in the county court. Section 12 provides that all trials had in the municipal criminal court, except as herein otherwise provided, shall be in accordance with the provisions of the

Criminal Code of Procedure, relating to trial of misdemeanor cases in the county court.

From the foregoing, it is clear that the Legislature intended to adopt and make applicable to trials in the said municipal court the procedure governing county courts in the trial of misdemeanor cases. If it is conceded, as contended by the plaintiff, that the case at bar is in fact a civil proceeding, as distinguished from a criminal action, there is nothing in the Constitution or laws of this state that would prohibit the Legislature from prescribing the same method to be pursued in impaneling a jury in this character of action as is done in the general procedure statute in misdemeanor trials in the county court. And this was what was evidently intended by the Legislature. This character of action is prosecuted in the name of the state, and is in reality a further punishment for a violation of its penal statutes.

The next contention of counsel is that there was no provision made in the bill for payment for the services of jurors in this court, and therefore the provisions relative to impaneling a jury are inoperative. It is true that the provisions of the act do not expressly provide the method of how the jurors summoned and used in said court shall be paid. Section 3235, Revised Laws 1910, as amended by Session Acts of 1913, and sections 3236 and 3238, Rev. Laws 1910, provide that the county clerk of each county shall issue warrants to jurors in payment for jury services in all cases in which the county is liable, on presentation of a certificate of attendance issued by the clerk of the court, etc. Thus a summary method by which jurors secure county warrants in pay for their attendance and services is provided. Before this amendment, jurors received the compensation allowed them by law, only after the same had been approved and ordered paid by the county commissioners of the county at their first regular session after services rendered.

Section 3236, Rev. Laws 1910, provides:

"Jurors shall be paid the following fees out of the county treasury: For each day's attendance before any court of record, $2.00; for each mile necessarily traveled in going to or returning from the place of attendance, 5 cents." etc.

This last named statute clearly fixes the liability of the county for the fees of jurors in courts of record. Section 1 of the said municipal court act now in question, among other things, provides:

"That in cities of the state of Oklahoma having a population of more than 50,000 and not exceeding 80,000 inhabitants, as determined by the last preceding federal decennial census or by the last preceding special federal census, there shall be and is hereby created and established a court of record, which shall be known as the municipal court of the city of ———————."

The general provisions of the law as above pointed out being that the jurors for each day's attendance before any court of record shall receive $2, their mileage, etc., and the said municipal court being a court of record, jurors in attendance thereon in all matters in which the state is the complaining party have a valid claim against the county for the per diem set forth hereinabove, and although the summary method is not provided by the act whereby they receive their warrants, as is provided by the said section 3235, as amended, yet the claim against the county is of no less dignity and right, and the general provision of the statute governing the filing of claims with the board of county commissioners as contained in sections 1601 and 1631 and the issuance of warrants therefor out of the proper funds of the county (section 6766, Rev. Laws 1910) on order of the board of county commissioners after the approval by said board of county commissioners, are applicable.

The seventh and last contention of the plaintiff is that it was not the intention of the Legislature to authorize the said municipal court to function in matters involving the confiscation of property seized and held, because of its use in violation of the prohibitory laws of the state, for the reason that no appeal is expressly provided by said act from such judgment; the contention being that judgments of this character are civil and not criminal in their nature, and that the Criminal Court of Appeals would have no power to entertain the same. It serves no useful purpose to go at length into the authorities as to the nature of actions of this character. At best, they are quasi-criminal in their nature, and have no other purpose except to further punish for the violation of criminal statutes. The provision of the statute touching this matter is:

"It shall also have power to issue search and seizure warrants, and to hear and determine proceedings for the confiscation of property used in violation of the prohibitory and gambling laws of the state."

It is hard to perceive how the use of the English language could express a purpose any more clearly than is expressed by this language of the statute.

The Legislature must not have been unaware of the fact that the county courts in counties having such cities are taxed with

other duties to such an extent that they are unable to give that attention to the enforcement of the prohibitory laws of the state which a special tribunal might give. The Legislature was likewise not unaware that in large cities of this size the police officers must be looked to, to a great extent, in enforcing the statutes of the state against intoxicating liquors and gambling. And it was the purpose and the intention of the Legislature in this act to clothe such municipal court, not only with power to hear prosecutions in the name of the state for the violation of the penal statute, the same as could be done in the county court with the same procedure governing it, but also to hear and apply the same remedy, as further punishment to the offending party, of confiscation of the property used in connection with the violation of the law.

And while it is unnecessary in this proceeding to determine whether or not an appeal lies, under the provisions of said act, from a judgment confiscating property as is sought by the state in this case, yet to urge and contend that there is no express provision of said municipal court bill authorizing appeal to the Supreme Court of the state from an adverse judgment rendered in such a proceeding, is no argument in favor of the issuance of the writ by this court. The general rule of law is that if the court against which the writ is sought is about to act within its jurisdiction, as provided by law, the failure of the statute giving the jurisdiction to also incorporate expressly a right of appeal cannot justify the issuance of the writ.

In the case of Ex parte Detroit River Ferry Co. (U. S.) 26 L. Ed. 815, in the opinion rendered by Chief Justice Waite, it is said:

"It is no ground for relief by prohibition that provision has not been made for a review of the decision of the court of original jurisdiction by appeal or otherwise."

And this statement in the body of the opinion is incorporated in the syllabus.

In the case of State ex rel. Bagley v. Superior Court of King County et al. (Wash.) 29 Pac. 213, the syllabus is:

"The fact that an appeal would not lie from the judgment of the superior court affords no just ground for relief by prohibition."

In the case of Pioneer Telephone & Telegraph Co. v. City of Bartlesville, 27 Okla. 214, 111 Pac. 207, this court, through Mr. Justice Williams, said:

"Such extraordinary writ will not be awarded when the ordinary and such usual remedies provided by law, such as appeal,

writ of error, certiorari, etc., or other modes of review or injunction are available." People v. De France (Colo.) 68 Pac. 267; Bank L. T. Co. v. Phelps. 81 Ky. 613; State v. Nathan (S. C. L.) 4 Rich. 513; Ex parte Bradley (S. C. L.) 9 Rich. 95; 111 Am. St. Rep. 964 and note; 1 Ann. Cas. 713, and the numerous cases cited therein; Ann. Cas. 1913 D, 594, and cases there cited.

The writ is denied.

JOHNSON, V. C. J., and KANE, KENNAMER, NICHOLSON, and COCHRAN, JJ., concur.