**BUSEY v. CRUMP, District Judge, et al.**

No. 15989—Opinion Filed Feb. 10, 1925.

Rehearing Denied March 3, 1925.

(Syllabus.)

1. **Prohibition—Refusal of Writ Where Acts Already Done.**

In an application for a writ of prohibition to be directed to the judge of the district court, where it is apparent from the record that the matters and things sought to be prohibited have already been done, a writ of prohibition will not issue.

2. **Same—Writ Against Trial Court—Modifying Judgment—Necessity for Appeal.**

In an original proceeding in this court for a writ of prohibition, though the petition may allege errors of law, or other reversible errors committed by the trial court in the proceeding below, this court is without jurisdiction to reverse or modify the judgment of the trial court unless the case be brought here on appeal as prescribed by law.

Original action in the Supreme Court for writ of prohibition by R. L. Busey against George C. Crump, District Judge, and another. Writ denied.

Davis & Patterson and Cutlip & Horsley, for plaintiff.

Guy Andrews, Pryor, Stokes & Carver, Anglin & Stevenson, and Willmott & Roberts, for defendants.

HARRISON, J. This is an original proceeding in this court by R. L. Busey for writ of prohibition against George C. Crump as judge of the district court, and F. E. Carroll as trustee of ward No. 2 of the town of Cromwell, Okla. The petition, after stating the facts upon which plaintiff relies as grounds for the writ, concludes with the following prayer, to wit:

"Wherefore premises considered, your petitioner prays that this honorable court issue its writ of prohibition directed to the said George C. Crump, district judge, and F. E. Carroll, commanding them to desist and refrain from further proceeding in causes No. 7655, 7652, or any other causes wherein the rights of this plaintiff are endangered, by the unlawful application of judicial force as herein set forth in their capacity as district judge and contender for public office, and to desist and refrain in said capacity from exercising further jurisdiction over the person of your petitioner and the title to said office of trustee of ward No. 2, in the incorporated town of Cromwell, Okla."

Upon an ex parte hearing of the application therefor, December 1, 1924, an alternative writ was issued, which, omitting the formal preamble, commands as follows, to wit:

"We therefore command you to desist and refrain from any further proceedings in such matter until the 6th day of December, 1924, or the further order of this court thereon; and to show cause at such term or at such time as may be ordered, why you and each of you should not be absolutely restrained from any further proceedings in connection with the title to the office of

trustee for ward No. 2 in the town of Cromwell, Okla.

"You will have with you, then and there, this writ with the return of the court thereon."

On December 6, 1924, this court made an order referring the matter to the Hon. Wyley Jones, Supreme Court referee, for the purpose of hearing testimony and reporting his finding of facts.

Pursuant to such order the honorable referee heard testimony and reported the following finding of facts, to wit:

"(2nd) On the 8th day of November, 1924, an election was held in the town of Cromwell, Seminole county, Okla., at which election R. L. Busey and F. E. Carroll were candidates for the office of trustee of the Second ward of said town. On the same day the election was held, F. E. Carroll filed an injunction suit against the election board of Seminole county, seeking to enjoin it from issuing a certificate of election to Busey and to command it to declare him, Carroll, elected, and to issue a certificate of election to him. The petition alleges that Busey received a majority of the votes cast at said election for said office of trustee, but that his name was on the ballot illegally and that the ballot on which his name appeared was not the official ballot.

"(3rd) On the same day, the Honorable George C. Crump, judge, issued a temporary restraining order restraining the county election board from issuing a certificate of election to Busey or any other person to the office of trustee of ward 2 of the town of Cromwell, until the further orders of the court. On the 29th day of November, 1924, the case came on to be heard before the Hon. George C. Crump, judge, on a motion to dissolve the temporary restraining order, which was denied, the temporary restraining order made permanent, and further adjudging that Busey was not entitled to have a certificate of election issued to him, his name not being legally on the ballot, and a certificate of election was issued to F. E. Carroll by the county election board of Seminole county.

"(4th) On the 1st day of December, 1924, R. L. Busey filed his petition in this court for a writ of prohibition against the Hon. George C. Crump, judge, to prohibit him from proceeding further in the case, and also the same as to Carroll. The grounds set forth in the petition are want of jurisdiction on the part of the court to test the result of an election by injunction and the arbitrary and unlawful exercise and proposed exercise of jurisdictional power. The respondent, Crump, filed his response to the petition in which he denied generally the allegations of the petition and averred that the judgment rendered by him was final and that he had no further duties to perform in

the case and R. L. Busey was not a legal candidate and not entitled to a certificate of election. Carroll filed no response.

"Two other actions were brought which are not material to the questions to be determined and were consolidated under No. 7652. One of said actions, No. 7670, was by the State ex rel. County Attorney and Election Board of Seminole County v. Purported Election Officials of Cromwell, seeking to have the election declared void. The other, No. 6755., was by Carroll seeking to enjoin the election board and the printer of the ballots from placing the name of Busey on the ballot and enjoining the election officials from using any ballots at said election with Busey's name on it, and a temporary restraining order was issued by said Crump accordingly.

"(5th) Respondent Carroll filed a motion in this court to dismiss the petition for a writ of prohibition on the ground that the writ could only run against a judicial officer, and that he has been awarded a certificate of election, has qualified and entered upon the discharge of the duties of his office.

"(6th) On the 29th day of October, 1924, Mr. John R. Miller, between the hours of 4 and 5 o'clock p. m., served a copy of a call for an election to be held in the town of Cromwell for town officials on the 8th day of November, 1924, on Mr. Banta, secretary of the county election board of Seminole county. At the same time, Mr. Banta wrote a letter to Mr. Frank Shatzel, informing him that an election had been called for November 8, 1924, for the purpose of electing officials of the town of Cromwell, giving him the names of the persons who had filed for office and directing him to place only their names on the ballot and informing him that this was the last day of filing. On the 31st day of October, 1924, Busey filed for the office of trustee of ward 2, town of Cromwell and Mr. Banta, secretary of the election board, notified Mr. Shatzel, printer, to place his name on the official ballot. The filing of Banta bears date of October 29th, but Mr. Banta testified that it was October 31st. On November 7, 1924, Judge Crump called Banta and asked him when Busey filed, and he stated to him that he did not think the filing legal unless made ten days before election and that he was granting a restraining order.

"(7th) Upon rendering his decision of the 29th of November, 1924, which was Saturday, Judge Crump stated that he wanted the town of Cromwell organized by Monday morning, and that if Mr Banta did not issue the certificates of election to the purported officials, among whom was Carroll, that he would award a writ of mandamus to compel it upon application, and the county election board, on November 29, 1924, the day of the hearing, issued a certificate of election to Carroll, without the necessity

of bringing a mandamus action. Mr. Banta testifies that according to his final instructions the name of Busey should not appear on the official ballot, and that it was his conversation with Judge Crump that caused him to order the name of Busey from the ballot. Mr. Banta further testifies that at the time Mr. John R. Miller filed the name of the candidates for officials in the town of Cromwell Mr. Miller told him that the reason the names were filed so late was to keep any one else from filing, or this in substance.

"(8th) On the trial of the case there was some bickering and considerable heat and passion manifested on both sides, but there was no such attempt to arbitrarily and unlawfully exercise judicial power by Judge Crump as would on this account authorize the awarding of a writ of prohibition.

"(9th) At said election, petitioner Busey received 287 votes and respondent Carroll received 55 votes, but the name of Busey did not appear upon the official ballot ordered printed by the county election board of Seminole county, but did appear on a ballot procured from some other source.

"(10th) No formal journal entry has been prepared, but the effect of the announced judgment of Judge Crump was to enjoin the issuance of a certificate of election to Busey and to make a temporary restraining order permanent, and immediately after this judgment was pronounced the county election board issued a certificate of election to Carroll, who has qualified and entered upon the discharge of his duties as trustee of ward 2, town of Cromwell. A motion for new trial was filed and is now pending."

The testimony taken by the honorable referee is contained in the record thereof filed with the referee's report, and from an examination of same the facts found by the honorable referee appear to be well supported by the evidence.

So upon the entire record we are confronted with the novelty of the application for a writ to prohibit something from being done which has already been done. This it is impossible for the court to do, for whatever confusion there may be among the decisions as to just when a writ of prohibition should be issued or denied, and however far the courts and text-writers may have fallen short in definitely defining just what facts constitute warrantable grounds for a writ to prohibit the doing of something which had not been done, yet it is obviously impossible for the courts to prohibit the doing of something which has already been done. Relief in such cases must be had through some other means.

The record herein discloses that all the acts, matters, and things complained of as an exercise of unwarranted judicial authority, have already been exercised in that the court has already restrained the election officials from issuing the certificate of election to petitioner, and already ordered certificate to be issued to defendant, Carroll, who has already entered upon the discharge of his duties as trustee of said ward, pursuant to said certificate of election, and the court also has already determined that petitioner, Busey, was not entitled to have his name printed on the official ballot, and already determined that the ballots cast for him were unlawful, and by his response to the petition herein says that he has already done all things necessary to be done in the premises and has nothing further to do.

Hence, from the entire record, it is not apparent that the defendant Crump, as district judge, is intending to or is likely to exercise any further powers or judicial authority over the matters complained of, unless something new should arise or some different proceeding should be instituted, in which case proper and timely steps could be taken to prevent his action.

We are therefore left without any grounds for issuing a writ of prohibition.

Whether or not the trial court committed the substantial errors of law as alleged in plaintiff's petition, or exercised the unlawful judicial authority in the proceeding, or showed the bias and prejudice against petitioner which is alleged to have been shown, the judgment cannot be reversed in this proceeding.

Inasmuch as the things complained of have already been done, and inasmuch as the trial judge has shown by his response that he has done all there is to be done in the premises, and in as much as it is not made apparent by the record that there is anything further to be done by the defendant judge, nor that he is intending to or is likely to assume to exercise any further authority in the matters involved, we see no reason for the writ.

The relief, if any, to which petitioner may be entitled, cannot be obtained through a writ of prohibition.

The case not being here on appeal as prescribed by law, neither the alleged errors of law, nor other alleged errors in the proceedings can be properly reviewed nor the judgment of the trial court reversed in this proceeding.

For the reasons given, the writ is denied.

All the Justices concur.