### HARRINGTON, Adm'x, v. DISTRICT COURT OF NINETEENTH JUDICIAL DISTRICT et al.

No. 20128. Opinion Filed March 19, 1929.

Rehearing Denied July 16, 1929.

Hadwigar & Hadwigar and E. W. Snoddy, for petitioner.

R. M. Chase, for respondents.

HUNT, J. This is an original action in this court wherein Margaret Harrington, as administratrix of the estate of Ed. T. Harrington, deceased, seeks a writ of prohibition

requiring the district court of the Nineteenth Judicial District of the state of Oklahoma and Arthur G. Sutton, as judge of said district court, to desist and refrain from further trying the issues in a cause of action pending in the district court of Woods county, and that the order and judgment of the court granting a new trial in said cause be vacated. Filed with and attached to the petition filed in this cause is a case-made presenting so much of the record of the trial court as is necessary to determine the question presented in this cause. The action was begun in the district court of Woods county by Ed. T. Harrington, wherein he sought to recover a money judgment from the defendant, the Westchester Fire Insurance Company. Issues were joined and the cause tried before the court and jury on the 17th day of November, 1927, and verdict returned for plaintiff for amount sued for.

Motion for new trial was duly and timely filed, and was by the court overruled on the 5th day of December, 1927, to which the defendant, Westchester Fire Insurance Company, excepted and gave notice of appeal and was granted time in which to make and serve case-made. Various orders were made by which the time was finally extended to and including the 24th day of May, 1928, in which to make and serve case-made. Thereafter, on the 1st day of June, 1928, the defendant filed what is styled a motion for new trial based upon the grounds and for the reason that without fault of the defendant it was impossible to make and serve case-made upon the plaintiff in time to obtain settlement thereof and file the same in the Supreme Court within the time allowed by law for the filing of appeals in the Supreme Court. This motion for a new trial came on for hearing before the court on the 18th day of June, 1928, at which time the plaintiff in said cause, Ed T. Harrington, appeared specially and solely for the purpose of pleading to the jurisdiction of the court, and denied the jurisdiction of the court to hear and determine the motion filed on June 1, 1928, and prayed that same be dismissed. The court overruled the objection of the plaintiff to jurisdiction of the court, to which the plaintiff excepted and gave notice of appeal, and was given time in which to make and serve case-made, and after a hearing upon the motion for a new trial, sustained the same and granted a new trial in said cause, to which the plaintiff excepted and gave notice of his intention to appeal to the Supreme Court, and was granted an extension of time in which to make and serve case-made.

Thereafter, and on the same day, the plaintiff filed a motion to vacate and set aside the judgment so rendered granting a new trial and asked that a new trial be granted on said motion, alleging that the evidence was insufficient to support the decision granting defendant a new trial and that same was contrary to law. This motion was, by the court, duly considered, and on the same day, to wit, June 18, 1928, overruled and exceptions allowed plaintiff, and notice of appeal given by plaintiff in open court and time granted in which to make and serve case-made. Thereafter the plaintiff in the trial court died, and the cause was revived in the name of Margaret Harrington, as administratrix of the estate of Ed T. Harrington, deceased, on September 1, 1928. On same date plaintiff procured a further extension of 90 days within which to make and serve case-made, but no appeal was perfected to this court by plaintiff from the judgment of the trial court rendered on June 18, 1928. On the 4th day of December, 1928, plaintiff filed a special appearance and motion to set aside the judgment of the court entered on June 18, 1928, whereby the defendant was granted a new trial. This motion was heard and overruled by the court on December 15, 1928, and exception allowed plaintiff, but no notice of appeal given.

It was contended by plaintiff in this last motion, filed on December 4, 1928, that the provisions of section 576, C. O. S. 1921, had not been complied with, and that because no summons was issued and served and the other procedure therein provided for was not followed, the court was without jurisdiction to hear and determine the motion filed on June 1, 1928.

These questions were first raised by plaintiff by special appearance and objection to the jurisdiction of the court, and were decided adversely to plaintiff's contention. The order of the court therein was subject to review by this court on appeal; likewise was the judgment and order of the court granting a new trial, final judgment having been rendered, and the same is true of the order denying plaintiff's motion for new trial on the motion of June 1, 1928.

The action of the trial court being reviewable and the question raised having been decided by the trial court adversely to plaintiff, the remedy of the plaintiff was by appeal. Prohibition, being an extraordinary writ, cannot be resorted to when the ordinary and usual remedies provided by law are available. Morrison v. Brown, 26

Okla. 201, 109 Pac. 237; Pioneer Telephone & Telegraph Co. v. City of Bartlesville, 27 Okla. 214, 111 Pac. 207; Pendley v. Allen, Justice of Peace, et al., 45 Okla. 510, 145 Pac. 1157; Spradling v. Hudson, District Judge, 45 Okla. 767, 146 Pac. 588; State ex rel. Mose v. District Court of Marshall County et al., 46 Okla. 654, 149 Pac. 240; Case v. City of Tulsa et al., 88 Okla. 233, 212 Pac. 998. The rule above announced has been consistently followed by this court, and in the case of MacThwaite Oil & Gas Co. v. Bolen, 77 Okla. 155, 187 Pac. 221, this court laid down the following rules:

"Prohibition will not lie where an inferior court, having jurisdiction of both the subject-matter and the parties, making an erroneous application of the law, grants a temporary injunction; an appeal lying from said order to the Supreme Court, pending which said order may be superseded.

"The violation of the rules relating to the exercise of jurisdiction does not, any more than in any other case of erroneous decision, make the action of the court coram non judice. To grant such an injunction when the state of the case, tested by the rules established for the exercise of jurisdiction, does not warrant it, is nothing more than judicial error. It is not an act in excess of jurisdiction."

In the case before us it was within the jurisdiction of the court to consider the motion for a new trial on the ground of impossibility of making case-made as provided by section 576, supra, and the objections filed thereto, and if the court failed to properly construe the provisions of said statute and sustained the motion under such conditions, tested by the rules established for the exercise of jurisdiction, as would not warrant the exercise of such jurisdiction, it was judicial error, and not an act in excess of jurisdiction, as may be reached by prohibition. The plaintiff cites in support of her position the case of Owen v. District Court of Oklahoma County, 43 Okla. 442, 143 Pac. 17, but an examination of that case will disclose that it was determined therein that the trial court had lost jurisdiction over the subject-matter, and said case is therefore distinguished from the case before us in that in this case the trial court had jurisdiction of the subject-matter.

It necessarily follows that, under the rules heretofore announced by this court, the application for the extraordinary writ of prohibition must be, and the same is hereby, denied.

LESTER, V. C. J., and CLARK, RILEY,

HEFNER, CULLISON, SWINDALL, and ANDREWS, JJ., concur.

MASON, C. J., absent and not participating.

Note.—See under (1) 22 R. C. L. p. 19; 8 R. C. L. Supp. p. 1229; 4 R. C. L. Supp. p. 1450; 5 R. C. L. Supp. p. 1190; 6 R. C. L. Supp. p. 1310; 7 R. C. L. Supp. p. 736.