## PURDY et al. v. HARRIS, Dist. Judge, et al.

No. 20111. Opinion Filed Feb. 11, 1930.

Cheatham & Beaver, for petitioners.

Wayne H. Lasater and George H. Jennings, for respondents.

RILEY, J. Petitioners seek a writ of prohibition to prevent the enforcement of a writ of execution on a judgment rendered by the district court of Creek county in cause No. 13234. John S. Chambers began the action below against Minnie M. Purdy, administratrix of the estate of A. H. Purdy, deceased, et al., including petitioners herein, to recover possession of real estate and for the value of use and occupancy thereof. The defendants below answered and cross-petitioned. They pleaded that A. H. Purdy, deceased husband of the administratrix and father of C. H. Purdy and Dwight L. Purdy, had been in possession of the property since 1901, until his death in 1924, and that he owned the property, though the plaintiff, Chambers, held the legal title in trust for said A. H. Purdy. They prayed a resulting trust to them.

A. L. Colaw, Loyd Scott, Colaw & Scott, and A. J. Combs, defendants below, filed disclaimers.

The cause was tried to Honorable John L. Norman, district judge. The defendants demurred to evidence of plaintiff, and the court sustained the demurrer as to title and right to immediate possession. The plaintiff then introduced evidence as to his second cause of action, for the recovery of the value of use and occupancy. An instructed verdict was rendered for defendants upon the first cause of action (ejectment), and upon submission of the second cause of action (use and occupancy) the jury found for plaintiff and against Minnie M. Purdy, administratrix, in the sum of $3,600.

Minnie M. Purdy, administratrix, appealed without supersedeas bond in cause No. 17,631, Supreme Court, and judgment was here rendered (128 Okla. 118, 261 Pac. 216) reversing the judgment on the issue of ejectment and likewise upon the issue of use and occupancy and the cause was remanded to the district court for new trial upon the whole case.

The cause came on for trial in the district court November 21, 1928, wherein all parties announced ready for trial. Defendants moved for judgment on the mandate on the first cause of action (ejectment), the motion was overruled, and exceptions noted.

The plaintiff introduced evidence, the defendants demurred and moved for an instructed verdict, both of which were overruled.

The defendants introduced evidence in support of their claim of title. The court then instructed the jury to return a verdict against defendant Minnie M. Purdy, administratrix, upon both issues presented, and judgment was so rendered.

Defendants moved for a new trial, and being unsuccessful gave notice of intention to appeal. Supersedeas bond was fixed, but not given, and execution issued, directed against the defendant Minnie M. Purdy, administratrix, and all persons claiming under her, ordering restoration of possession of the property to plaintiff.

An appeal lay from the final order of the district court. Barnett v. Bohannon, 27 Okla. 368, 112 Pac. 987; Wells v. Schriver, 81 Okla. 108, 197 Pac. 460; Crist v. Cosby, 11 Okla. 635, 69 Pac. 885; Producers St. Bk. v. Clark, 102 Okla. 181, 228 Pac. 986.

Petitioners at least entered their appearance by their plea upon nonjurisdictional grounds as aforesaid. Prohibition will not be awarded when the ordinary and original remedies provided by law, such as appeal, writ of error, certiorari or other modes of review, or injunction are available. Herndon v. Hammonds, County Judge, 28 Okla. 616, 115 Pac. 775.

The alternative writ is recalled and the writ of prohibition denied.

MASON, C. J., LESTER, V. C. J., and CLARK, HUNT, HEFNER, CULLISON, and SWINDALL, JJ., concur.

ANDREWS, J., absent, not participating.