## HARDEN v. DISTRICT COURT OF TULSA COUNTY.
### SAME v. DISTRICT COURT OF PONTOTOC COUNTY.

Nos. 26333, 26334. Dec. 10, 1935.

Rehearing Denied Jan. 7, 1936.

W. W. Pryor, Vol Crawford, and C. F. Green, for plaintiff in error Andrew J. Harden.

N. E. McNeill (Jack Langford, of counsel), for plaintiff in error Elizabeth Harden.

WELCH, J. This is an action by Andrew J. Harden to prohibit the district court of Tulsa county from proceeding further in a certain cause wherein Elizabeth Harden is plaintiff, and Andrew J. Harden is defendant, and by consolidation, an action also by Elizabeth Harden to prohibit the district court of Pontotoc county from proceeding further in cause No. 13224, wherein Elizabeth Harden is plaintiff, and Andrew J. Harden is defendant.

For convenience we will refer to Elizabeth Harden as plaintiff, and Andrew J. Harden as defendant, as they appeared in the various proceedings in the trial courts.

Plaintiff and defendant were married in 1880. They then, and continuously thereafter, resided in what is now Pontotoc county, Okla. In 1914 they separated. There is some controversy as to whether they divided or arranged their property interests at that time, but, at any rate, they did then separate. In 1932 plaintiff sued defendant in the district court of Pontotoc county for maintenance or division of property or both. Final judgment was rendered in that action awarding plaintiff certain substantial parts and portions of defendant's property, and enjoining plaintiff from thereafter claiming any other rights, interest, or portions of defendant's property.

Thereafter, in 1935, plaintiff filed in the district court of Pontotoc county her action No. 13224, for divorce and alimony, seeking temporary alimony, suit money, and attorney's fees, and seeking also the appointment of a receiver for defendant's property, or to enjoin the defendant from disposing of it.

Upon that petition the court in Pontotoc county ordered certain payments of alimony pendente lite, and those payments, or at least two of them at $250 each, were made by the defendant. The plaintiff's application for appointment of receiver came on for hearing in that action on April 26, 1935. The court had issued an order citing plaintiff and her attorney for contempt, and that citation also came on for hearing on April 26th.

On that date, the parties appearing, the district court heard the evidence and declined to appoint a receiver, but in lieu thereof impounded certain receipts of oil money belonging to defendant, and took under advisement for further consideration and future determination, plaintiff's request for $1,000 attorney's fee, and the question of the contempt matter. The plaintiff then filed an amended petition. Up to that time plaintiff and defendant for more than 60 years had continuously resided in what is now Pontotoc county, Okla.

On May 1, 1935, plaintiff appeared in Tulsa county and filed her suit No. D13759, naming her husband, Andrew J. Harden, as defendant, and there also seeking a divorce and alimony, and obtained a temporary order restraining disposition of property and for alimony, suit money and attorney's fee. Also on the same day she filed in the district court of Pontotoc county in her action there, a signed document purporting to be a dismissal of that cause.

On the following day the district court of Pontotoc county entered its order striking from the files the purported dismissal, and on that day the defendant filed his answer to the amended petition which plaintiff had filed on April 26th.

So that we have the two district courts at the same time undertaking to exercise jurisdiction of an action by the same plaintiff against the same defendant for the same relief.

The plaintiff claims that she had the right at will to terminate her Pontotoc county action, and that the filing of her so-called dismissal fully, finally, and irrevocably terminated the entire matter in Pontotoc county. But it must be noted that in her Pontotoc county action she had obtained temporary relief in both money payments and the impounding of defendant's property, she had not only filed her action in Pontotoc county, but had obtained substantial partial relief and had presented other substantial matters to the court which the court had under advisement, and that court also had under advisement the application of the defendant to modify certain of the temporary orders in the case. With the cause in that situation, the arbitrary right of plaintiff to terminate the action and withdraw her cause and the submitted matters from the court and keep and retain the substantial temporary advances, is open to serious doubt. For that matter, it appears that the plaintiff was actuated, not by a desire to terminate her action against the defendant, but merely to try a new venue.

Thus in truth and in fact the plaintiff attempted to change the venue of her cause to Tulsa county, without consulting the court then actually engaged in the consideration of her rights, and then actually applying its equitable powers in her behalf. This, too, without attention to the legal formalities

which at least in some cases justify and make provision for a change of venue in an orderly manner. We are not justified in ascribing to plaintiff's action any actually improper or evil motive, but, since no reasonable or justifiable motive for it appears, we should doubtless attribute it to her whim or caprice. It evidently being plaintiff's thought that her new action in Tulsa county could be sufficiently reinforced or fortified, and the venue firmly fixed in Tulsa county by at the same time filing with the court clerk of Pontotoc county her documentary dismissal of the cause pending there.

It is not necessary that we fully pass upon the plaintiff's right to file the dismissal on May 1st, as that dismissal was stricken from the files and its effect as a dismissal was vacated by order of the court on the following day, during the same term.

Even if the court itself had ordered a dismissal on plaintiff's motion on May 1st, the court would not have been precluded from vacating that order by the subsequent order. In Todd v. Orr, 44 Okla. 459, 145 P. 393, it was said in the body of the opinion:

"The power of a court of record, during the term at which rendered, to control its orders, judgments, and decrees, made during the term, is of farreaching importance. That such authority should be possessed by trial courts of general jurisdiction must be conceded. Any other view would so fetter and paralyze the power of the courts that they must frequently do wrong from mere inability to do right. * * *"

And it was held in paragraph 3 of the syllabus:

"The power to correct errors in their own proceedings is inherent in all courts of general jurisdiction, and in the exercise of that discretion they are governed, not alone by their solicitude for the rights of litigants, but also by the consideration of justice to themselves as instruments provided for the impartial administration of the law."

There is no question as to the general power of the district court to control the filing of documents and pleadings, to permit or refuse their filing in many instances, and in proper cases to strike from the files such pleadings and documents as ought to be stricken. The district court of Pontotoc county made various and numerous orders in the case prior to the order of May 2nd, striking the purported dismissal. As to all those orders, they import verity and validity, and we will assume them to be valid until the contrary is shown by proper procedure. This under the general rule that when the trial court acts within, or apparently within, the scope of its authority and jurisdiction its orders and judgments are prima facie valid and prima facie correct. This rule must apply likewise to the order vacating dismissal, or striking from the files the document designated a dismissal. See Crews v. Bird, 141 Okla. 143, 285 P. 132; Busey v. Crump, 108 Okla. 73, 233 P. 714.

As affecting plaintiff's prayer for prohibition against the district court of Pontotoc county, it is the rule that the writ will not issue when the court under consideration is apparently acting within its jurisdiction, and upon determination and orders which it apparently had the jurisdiction and authority to make. See Crews v. Bird, supra; Clark v. DeGraffenreid, 64 Okla. 177, 166 P. 736; Purdy v. Harris, 141 Okla. 239, 284 P. 874; Pendley v. Allen, 45 Okla. 510, 145 P. 1157; MacThwaite Oil & Gas Co. v. Bolen, 77 Okla. 155, 187 P. 221; Jones v. Pugh, 130 Okla. 291, 267 P. 272; New York Life Ins. Co. v. Beaver, 156 Okla. 134, 9 P. (2d) 429.

Plaintiff cites general authority both from the statutes and decisions giving the plaintiff in an action the right to discontinue her action by dismissal, but, so far as we know, the courts have never considered a situation identical with this one, or even substantially the same. Here the plaintiff left the court laboring upon matters under advisement affecting her temporary relief orders, her request for attorney's fee, as well as the question whether she should be adjudged guilty of contempt of court, and without so much as advising the court of any desire to discontinue the action, she in fact undertook to withdraw herself and her cause from the court and from the county, and to take with her the fruits of her undetermined litigation, and to submit the whole matter to the district court of a distant county in a new action. Our statute authorizing dismissal of an action indicates no intention to permit a litigant to so arbitrarily act with the courts. Nor is there authority cited supporting any such right in a litigant.

In Lumiansky v. Tessier, 99 N. E. 1051, the Supreme Court of Massachusetts made this observation:

"A plaintiff in equity may not have his suit dismissed as of right on paying costs after hearing begun either before a master or the court or the doing of some other thing which would prejudice a defendant's rights or which in any way would be inequitable to him to have go for naught."

The record unmistakably reflects that the defendant has recently come into ownership

of substantial wealth. When plaintiff commenced her action in Pontotoc county that court promptly made an order for her temporary relief and benefit requiring substantial money payments to be made to her. That practice is usual. The defendant paid substantial sums to plaintiff in compliance with that order. Then followed the attempt to institute the new action in Tulsa county, and there also was an order issued for tem porary payments. If the defendant, instead of coming here in this action, had paid those sums and obeyed that restraining order, then could the plaintiff have fi'ed a new action in a third county, with accompanying temporary relief there? It would seem that the plaintiff would have as much right to so proceed in a third county, leaving her cause of action undetermined final y in two counties, as she had to so proceed in Tulsa county, leaving her cause of action in the status it occupied in Pontotoc county. Such action would approach mere play with the equitab'e power of courts and might lead to much vexation and mischief wholly unjustifiable. Courts should freely exercise their equitable powers, but there is a most who'esome rule that equitable conduct should accompany the person who seeks equity of the court. The plaintiff may have intended no actual fraud upon the courts or disrespect for the courts or either of them, and may have intended no willful wrong at all, but her actions were most ill-considered, and her thought or conclusion that she could so act as a matter of right under the dismissal statute was wholly unfounded.

In many proper cases this court has sustained the right of plaintiff merely to dismiss an action. However, this court has also fully recognized the power and authority of the district court, at the same term, to vacate a dismissal entered by the court and reinstate a cause for proper purposes, or to strike from the files a purported document of dismissal filed therein. See Armstrong v. Coleman, 87 Okla. 288, 210 P. 1018; Harjo v. Black, 49 Okla. 566, 153 P. 1137; Rollow v. Frost & Saddler, 54 Okla. 578, 154 P. 542; Wood v. Hines, 117 Okla. 86, 245 P. 846.

The briefs of both parties recognize the right of the trial court to so proceed in proper cases. It is true the plaintiff contends this is not a proper case for such action on the part of the trial court, but with that contention we do not agree.

We hold that the order of the district court of Pontotoc county of May 2, 1935, imports verity and validity and is prima facie valid and correct, and that plaintiff's action is now pending in Pontotoc county, where the court properly has under advisement substantial portions of the cause.

Undoubtedly the plaintiff did not advise the district court of Tulsa county on May 1st, as to the status in detail of her action and partial trial or hearing in the district court of Pontotoc county. Had she done so, then undoubtedly the district court of Tulsa county would not have issued the order which was issued for temporary alimony, suit money, and attorney's fee and temporary injunction.

We cannot uphold the right of the plaintiff in a divorce action to institute an action for divorce in one county, and there obtain restraining orders and payment of temporary a'imony, and then without advice to the court to take herse'f into another court and there institute an identical action and obtain an order for the same or additional temporary relief without any final or further disposition of the former case. Our conclusion is not changed by the fact that at the same time she filed her action in the court in Tulsa county she filed a purported dismissal in the court in Pontotoc.

Under all of the circumstances the order obtained in Tulsa county for temporary alimony and injunction, etc., should not be enforced, as those matters are now and were then being considered by the district court of Pontotoc county between the same parties.

The district court of Tulsa county, upon being advised by this opinion as to the foregoing state of affairs, should immediately vacate its temporary order made in behalf of the plaintiff and against the defendant, and should take no further action in the matter except to dismiss plaintiff's cause.

The rule is well settled that when there is presented an into'erable conflict between two courts, each attempting to exercise jurisdiction in the same cause and between the same parties, this court must determine where the jurisdiction or venue lies and issue its writ accordingly.

The rule is also recognized that when either of two or more courts of equal jurisdiction might originally have acted in the matter, and proper resort has been had to one such court, and that court has assumed full jurisdiction and has acted and is acting in the matter, other courts of equal jurisdiction should be barred from action in the same matter. See State v. District Court of Tu'sa County, 82 Okla. 54, 198 P. 480; Parmenter v. Rowe, 87 Okla. 158, 200 P. 683; State ex rel. Stauffer v. Halley, 159 Okla. 14, 12 P.

(2d) 523; Jackson v. Haney, 166 Okla. 13, 25 P. (2d) 771.

We conclude that the district court of Pontotoc county should not be prohibited, but that the Tulsa county district court should be prohibited. As to the duty of this court in determining whether to withhold or grant prohibition, see Looney v. Election Board of Seminole County, 146 Okla. 207, 293 P. 1056; Hall v. Barrett, 121 Okla. 122, 247 P. 972; Jones v. Pugh, 130 Okla. 291, 267 P. 272; Kedney v. Hooker, 144 Okla. 148, 289 P. 1108.

It is therefore ordered that the district court of Tulsa county be, and it is hereby, prohibited from exercising further jurisdiction in the cause numbered D13759, and from any further proceedings in said cause, except as above set out.

OSBORN, V. C. J., and PHELPS, CORN, and GIBSON, JJ., concur. RILEY and BAYLESS, JJ., concur in conclusion. Mc-NEILL, C. J., not participating. BUSBY, J., disqualified and not participating.