## BERRYHILL v. CARTER, State Auditor.

No. 10778—Opinion Filed Nov. 4, 1919.

(Syllabus by the Court.)

### Taxation—Income Tax—Remedy of Taxpayer.

The remedy of an income taxpayer aggrieved at the action of the State Auditor in adjusting and correcting an income tax assessment is by appeal to the district court, and not by writ of certiorari to the Supreme Court.

Certiorari proceedings to review action of State Auditor. Dismissed.

Burt & Keenan, for plaintiff.

S. P. Freeling, Atty. Gen., and C. W. King, Asst. Atty. Gen., for defendant.

Joseph C. Stone, Charles A. Moon, and Francis Stewart, amici curiae.

HIGGINS, J. This is an original suit instituted in this court for a writ of certiorari to review the adjustments and corrections of the income tax assessment made to the State Auditor as required by chapter 164 of the Session Laws of 1915.

The minor, Joseph F. Berryhill, was a Creek citizen, and by virtue of his citizenship had an allotment of land in the Creek Nation. In 1906 his guardian executed an oil and gas lease upon his lands, and under the developments had under this lease oil was discovered. The lands were fully developed during and prior to 1908. The lease according to its terms expired upon the minor reaching his majority, which would be in July, 1919. The royalty to be paid under this lease was one-tenth of the oil. In February, 1918, the guardian entered into a new lease with the former lessee, he to receive one-eighth of the oil, and the lease was to continue until the minor reached his majority or as long thereafter as oil was produced in paying quantities. When this last lease was executed there was paid the guardian for and on behalf of his ward the sum of $130,000. The State Auditor held that this was income and taxable under chapter 164, supra. The guardian contends that this sum is a part of the capital assets, and the sale of the lease was merely a conversion of capital from one form to another and is not subject to an income tax.

The first question raised is whether the guardian has an adequate remedy at law—if so, this suit must fail. 6 Cyc. 742; Baker v. Newton, 22 Okla. 658, 98 Pac. 931.

Section 9 of chapter 164, supra, defines the duties of the State Auditor to revise, adjust, and correct income tax returns and

the rights and remedies of an aggrieved taxpayer, and is as follows:

"The State Auditor is authorized to revise any returns that may be made to him, and he shall notify the party making such returns of such revision on or before the first Monday in May following, and the Auditor shall hear and determine all complaints arising from such revision which are made before the first Monday in June following thereafter, and he shall have the same power to correct and adjust such assessment of income as is now given by law to the county board of equalization in cases of assessments of property ad valorem and the remedy and proceedings before the said auditor shall be the same as those provided for reviewing assessments of property ad valorem by the county board of equalization."

The Legislature undoubtedly intended that the State Auditor should exercise the same power as a county board of equalization in correcting and adjusting an income tax return, and that an aggrieved taxpayer have all rights and remedies that he may have before such county board to have the same reviewed. We will, therefore, ascertain the duties of a county board of equalization in a matter of ad valorem taxation, and the rights and remedies of an aggrieved taxpayer. Section 2 of chapter 107, Session Laws of 1915, is as follows:

"Any taxpayer feeling aggrieved at the assessment as made by the assessor, or the equalization as made by the county board of equalization, may during the session of said board, or, if the same is closed, within ten days after the first Monday in June, file with the said assessor as secretary of said board, a written complaint specifying his grievances and the pertinent facts in relation thereto in ordinary and concise language and without repetition in such manner as to enable a person of common understanding to know what is intended; and said board shall be authorized and empowered to take evidence pertinent to said complaint and for that purpose is authorized to compel the attendance of witnesses and the production of books and papers by subpoena and to correct or adjust the same as may seem just."

It is plainly seen from the above that a county board of equalization has full power to do any and all things necessary to hear the matters complained of, and it is furthermore provided that if the taxpayer should still feel aggrieved at the acts of such board, there is still another remedy left him, and that is an appeal to the district court; a part of the above section being as follows:

"And the stenographer of the county court is directed, at the request of the board, or taxpayer, to take shorthand notes of such testimony and to transcribe such complaint and evidence, and a full transcript of the

action of the board thereon and file the same with his certificate as to its accuracy, in the district court, the filing of which transcript shall complete the said appeal, which shall in due course be examined and reviewed by said court and affirmed, modified, or annulled, as justice shall demand. * * * Appeals taken from all boards of equalization as now provided by law shall have precedence in the court to which they are taken."

The income tax law says:

"The remedy and proceedings before the said auditor shall be the same as those provided for reviewing assessments of property ad valorem by the county board of equalization."

Consequently we find all that is required of an aggrieved income taxpayer is to file in the district court a transcript of the record as made before the auditor, where all matters complained of may be reviewed and adjusted to the extent that justice may demand.

The only objection urged by the plaintiff to the remedy provided by an appeal is that the statute does not say as to what district court the appeal from the State Auditor must be taken. Neither does the statute providing for an appeal from the county board of equalization provide to what district court an appeal shall be taken, but no one would seriously question that the appeal must be taken to the district court of the county in which the board was sitting.

We therefore find that the remedy of the guardian is by an appeal to the district court, and not by petition for a writ of certiorari to this court. Suit dismissed.

All the Justices concur.