## CHAMPLIN v. CARTER.

No. 10945—Opinion Filed June 8, 1920.

(Syllabus by the Court.)

1. **Taxation—Income Assessment—Revision—Remedy by Appeal.**

The remedy of an income taxpayer complaining at the action of the State Auditor in revising, adjusting, and correcting his income tax assessment is by appeal to the district court.

2. **Mandamus—Right to Writ—Official Discretion.**

A writ of mandamus may lawfully issue. from a court having jurisdiction, to compel an executive officer to perform a mere ministerial duty, which does not call for the exercise of his judgment or discretion, but which the law gives him the power and imposes on him the duty to do; but it may not lawfully issue to command or control the executive officer in the discharge of those of his duties which involve the exercise of his judgment and discretion in the construction of the law, or in determining the existence and effect of the facts.

3. **Same—Adequate Remedy at Law.**

The writ of mandamus will not be issued in any case where there is a plain and adequate remedy in the ordinary course of law, and where the duty or right sought to be enforced by such writ is not clear and indisputable.

Original action for writ of mandamus by H. H. Champlin against Frank C. Carter, State Auditor, to compel acceptance of certain sum in payment of state income tax due from plaintiff. Writ denied and action dismissed.

Harry. O. Glasser, for plaintiff.

S. P. Freeling, Atty. Gen., and W. R. Bleakmore, Asst. Atty. Gen., for defendant.

RAINEY, C. J. This is an original action instituted in this court for a writ of mandamus to compel the State Auditor to accept a certain sum in full settlement of the income tax, due to the state of Oklahoma by the plaintiff. Plaintiff filed his income tax return with the auditor as provided by law for the year 1918, deducting from his gross income the sum for depletion, based, as he alleges, upon the actual depletion of the oil and gas property from which the income is derived, and the State Auditor refused to approve the return so filed and presented to plaintiff for his signature an amended return limiting the amount of deduction for depletion or exhaustion of the property to five per centum of the gross output of oil and gas.

Plaintiff contends that he is entitled to claim and receive as a deduction from his gross income a depletion allowance on his oil properties sufficient to return his invested capital during the life of his leases, taking into consideration the general history of oil fields and wells as to the life of their production. The refusal of the State Auditor to allow such depletion is based upon his construction of the statute—section 6, chap. 164, Sess. Laws 1915, which is as follows:

"A reasonable allowance for the exhaustion, wear and tear of property arising out

of its use or employment, in the business not to exceed in the case of mines, five per centum of the gross value, at the time, of the output for the year for which the compensation is made, but no deduction shall be made for any amount of expense of restoring property or making good the exhaustion thereof for which an allowance is, or has been, made; provided, that no deduction shall be made for any amount paid out for new buildings, permanent improvements, or betterments, made to increase the value of any property or estate."

The auditor takes the position that he is only authorized under the above statute to deduct for exhaustion, wear, and tear or depletion of the oil and gas property a sum not to exceed five per centum of the gross output of the property for the year for which the taxes are returned.

The first question raised by the auditor's answer to the alternative writ is whether the plaintiff has an adequate remedy at law. This presents the question of jurisdiction of this court to issue the writ. If petitioner has such remedy, this suit must fail, as the court will not take jurisdiction of a proceeding to control by mandamus the official acts of an officer where the party complaining against such officer has a plain and adequate remedy at law. Section 4908, Rev. Laws 1910; Ex parte Oklahoma. 220 U. S. 191, 55 L. Ed. 431; Guthrie v. Stewart, 45 Okla. 603, 146 Pac. 585.

In the case of City of Guthrie v. Stewart, last cited, where a writ of mandamus was sought to compel the county treasurer to pay over to the city of Guthrie the penalties and interest accruing upon delinquent taxes due the city, the court said:

"We do not deem it necessary to pass upon the question as to whether the plaintiff in error is entitled to the interest and penalty claimed by it, for the reason that in our judgment the right is not so clear and free from doubt as to justify resort to mandamus proceedings. In Bayard v. White, 127 U. S. 246, 8 Sup. Ct. 1223, 32 L. Ed. 116, the rule with reference to the issuance of this writ is stated by the Supreme Court as follows:

" 'The writ of mandamus is a remedy to compel the performance of a duty required by law, where the party seeking relief has no other legal remedy, and the duty sought to be enforced is clear and indisputable. Knox County v. Aspinwall, 24 How. 377, 383 (16 L. Ed. 735). Both requisites must concur in every case.'

"In Stearns. Mayor, et al. v. State ex rel., 23 Okla. 462, 100 Pac. 909, Mr. Justice Hayes states the rule as follows:

" 'That mandamus will lie to compel a ministerial officer to discharge a duty or to compel other officers to perform a duty purely ministerial is too well settled to require discussion or the citation of authorities. * * * He must show: (1) The legal right to have the act done which he seeks to coerce the respondent to do; (2) that it is a plain, legal duty of respondent to do that which petitioner seeks to have done, and that respondent is without discretion to perform or refuse to perform such duty; (3) that the writ will afford him an availing remedy, and that he has no other plain, speedy, adequate remedy. Spelling's Extraordinary Relief, par. 1369.' "

In the case of Berryhill v. Carter, 76 Okla. 248, 185 Pac. 93, in denying an original application in this court for a writ of certiorari to review the action of the State Auditor in correcting and adjusting an income tax assessment, this court, in an opinion written by Mr. Justice Higgins, quoting from and construing section 9, chap. 164, Sess. Laws 1915, which defines the authority and duties of the State Auditor with reference to revision and correction of income tax assessments, which also provides that the remedy and proceedings before the auditor shall be the same as provided for reviewing assessments by the county equalization board, in connection with section 2 of subdiv. B, art. 1, chap. 107, Sess. Laws 1915, which defines the procedure necessary to review the action of county boards of equalization, held:

"We find all that is required of an aggrieved income taxpayer is to file in the district court a transcript of the record as made before the auditor, where all matters complained of may be reviewed and adjusted to the extent justice may demand."

In the syllabus to the same case, the court said:

"The remedy of an income taxpayer aggrieved at the action of the State Auditor in adjusting and correcting an income tax assessment is by appeal to the district court, and not by writ of certiorari to the Supreme Court."

Such remedy is a plain, speedy, and adequate remedy by which the petitioner herein had the right to determine the questions here presented.

Before the writ of mandamus should issue in any case. it must be shown that the duty sought to be enforced is clear and indisputable. The right which plaintiff seeks to enforce here by mandamus does not appear to be clear and free from doubt.

The auditor of this state is a part of the executive branch of government, invested, under and by virtue of section 9, chap. 164, Sess. Laws 1915, with the exercise of judgment and discretion in adjusting and correcting income tax assessments, and his action and decision in such matters is quasi-judicial

in its nature, from which an appeal lies, as heretofore said. Therefore, his action will not be controlled by mandamus, and this is true where there are no controverted facts. Lovett v. Lankford, 47 Okla. 12, 145 Pac. 767; Norris et al. v. Cross, Sec'y of State, 25 Okla. 287, 105 Pac. 1000; Kimberlin v. Comm. Five Civilized Tribes, 104 Fed. 653, 44 C. C. A. 109; United States ex rel. Dunlap v. Black, 128 U. S. 40, 32 L. Ed. 354.

In the case of Norris et al. v. Cross, supra, this court, speaking through Mr. Justice Hayes, said:

"It is not within the scope of a mandamus proceeding to coerce an executive officer in the discharge of a duty involving the exercise of judgment or discretion, or the exercise of judicial or quasi-judicial power, further than to direct him to act. The court cannot supplant him in the determination of questions of fact or of law required by the statute to be determined by him, nor direct in whose favor his decision shall be."

The auditor being vested with the exercise of discretion and judgment in the determination of the question which plaintiff seeks to review here by mandamus, and the right to the relief sought not being clear and undisputable, and plaintiff having a plain, speedy, and adequate remedy in the ordinary course of law, this court cannot control by mandamus the action of such officer.

Petition for writ of mandamus will be denied and the action dismissed.

HARRISON, PITCHFORD, JOHNSON, and McNEILL, JJ., concur.