MEANS, Supt., v. VERNON.

No. 15709—Opinion Filed Feb. 3, 1925.

Rehearing Denied March 3, 1925.

Application to File Second Rehearing Denied April 7, 1925.

(Syllabus.)

1. **Schools and School Districts—Teachers' Contracts—Approval by County Superintendent.**

Under the provisions of section 10367, Comp. Stat. 1921, the approval of the county superintendent is essential to validate contracts entered into between the district school boards and teachers.

## 2. Officers—"Ministerial Duties."

All duties of·public officials are either ministerial or judicial.    A ministerial duty is one described and defined by law with such precision as to leave nothing to the exercise of judgment or discretion.

## 3. Same — Judicial Duty — Approval of Teachers' Contracts by County Superintendent.

The approval or rejection of contracts, between district school boards and teachers, by the county superintendent is a judicial, as contradistinguished from ministerial, duty.

## 4. Mandamus — Control of Officers' Discretion.

A writ of mandamus will not lie to control the exercise of judicial or discretionary duties of public officials.

Error from District Court, Hughes County; Geo. C. Crump, Judge.

Mandamus by A. B. Vernon against Alice Means, Superintendent of Public Instruction of Hughes county. Judgment for plaintiff, and defendant brings error. Reversed and remanded, with directions.

Anglin & Stevenson, for plaintiff in error.

Pryor, Stokes & Carver, for defendant in error.

MASON, J.    This action was commenced in the district court of Hughes county, Okla., by the defendant in error, A. B. Vernon, as plaintiff, against the plaintiff in error herein, Alice Means, who was superintendent of public instruction for said county, to secure a writ of mandamus requiring the said Alice Means to approve a contract entered into by and between the school board of school district No. 39, Hughes county, Okla., and the said A. B. Vernon.

The plaintiff alleges, in substance, that he is a duly licensed and authorized school teacher and has a good and valid teacher's certificate authorizing him to teach school in Hughes county, Okla.; that as such teacher he has been employed by the school board of said district; that it is the official duty of the defendant, Alice Means, as superintendent of public instruction for said county, to indorse her approval on all contracts entered into by and between the district school boards of said county and school teachers; and that the defendant has failed, neglected, and refused to indorse her approval on plaintiff's contract.

For answer, the defendant alleges that after a thorough investigation of conditions that exist in said school district, caused by the conduct of the plaintiff, she does not deem it for the best interest of said school that said contract be approved, and for that reason she has refused to approve same.

Defendant further alleges that the people of the district are divided; that plaintiff has caused animosities between neighbors; that he has been involved in several personal difficulties with teachers and patrons of the school; that he is of an overbearing temperament, and if he were retained to teach in said district it would be detrimental to the school.    Defendant further alleges that she is assisting the school directors of said county in employing competent teachers; that in no case has she sought to dictate the appointment or    employment of any special teacher, and in refusing to approve the contract in question she is using her best judgment and discretion for the best interest of said school.

Upon trial of the case, the court held that "the board of each school district can make a valid contract with a teacher to teach school in that district, and it is only a ministerial act upon the county superintendent to sign that contract", and directed the defendant to indorse her approval on plaintiff's contract with the said school board of district No. 39, Hughes county, Okla.

From said judgment the defendant has prosecuted this appeal, and for reversal contends that it is not the ministerial duty on the part of the county superintendent to sign such contracts, but that it is within the discretion of the county superintendent to approve or reject contracts between the district school boards and teachers.

Section 10367, Comp. Stat. 1921, provides that the district school boards of each district shall have the power to contract with and hire qualified teachers for and in the name of the district.    It is also provided by said section that the district school boards shall have no authority to pay any money or issue any warrants for the payment of money to any person for services as teacher or instructor, "except for services performed under and by virtue of a valid written contract approved by such county superintendent existing between such district board and such teacher to be paid."

The only question presented by this appeal is whether or not it is the ministerial duty of the county superintendent to approve all contracts entered into between the district school boards and the teachers, regardless of the terms and tenor thereof, or whether or not the approval or rejection of such contracts is within the sound discretion of such county superintendent.

A ministerial duty may be defined to be a duty described and defined by law with such precision as to leave nothing to the exercise of judgment or discretion. All other duties of public officials are judicial.

If it is the ministerial duty of the county superintendent to approve all contracts of the district school boards, such a duty must arise by reason of some provision of our statutes relating to the duties and powers of county superintendents. We have been unable to find and counsel have not pointed out any provisions of our statutes specifically requiring the county superintendent to approve such contracts. It is, however, provided by section 10367, Comp. Stat. 1921, that before any money can be paid out by the district school boards, there must be a written contract "approved by such county superintendent existing between such district board and such teachers to be paid."

The defendant in error contends that this section devolves upon the county superintendent the ministerial duty of approving all contracts entered into by and between the district school boards and teachers to be employed.

Before a writ of mandamus should issue in any case, it must affirmatively appear that the duty sought to be enforced is clear and indisputable and free from all doubt and uncertainty. The right which plaintiff seeks to enforce in this action by mandamus does not appear to be clear, and free from doubt and uncertainty.

It will not be presumed that the Legislature provided for the performance of a useless act, but the general rule in the construction and interpretation of statutory provisions is that full force and effect will be given to every clause and sentence of such provisions, if possible to do so without violating the manifest intention of the Legislature.

In order to give full force and effect to section 10367, supra, we must hold that county superintendents have supervisory power over the contracts entered into between school boards and teachers, and such a construction, in our opinion, is the clear intendment of the Legislature. On the other hand, if we were to hold that it is the ministerial duty of the county superintendents to approve all contracts entered into by school boards and teachers, we, in effect, would be saying that the Legislature has provided for the performance of a useless act, for, if it is the duty of the county superintendents to approve all such contracts, regardless of the terms or tenor thereof, then such approval is a mere matter of form and absolutely useless, inasmuch as such superintendent would have no voice in the selection of the teacher or the designation of the terms of the contract. To require the county superintendent to approve all such contracts would no doubt subject that official to public criticism in the event that some incompetent and irresponsible teacher is hired or an unprofitable contract is entered into. We cannot believe that the Legislature intended to make it possible for such public officials to be subjected to criticism without at the same time investing them with necessary authority to guard against the same.

For these reasons, we are of the opinion that under section 10367, Comp. Stat. 1921, the approval of the county superintendent is essential to validate contracts entered into between district school boards and teachers, and the approval or rejection of such contracts by the county superintendent is a judicial, as contradistinguished from ministerial, duty.

A writ of mandamus will not lie to control the exercise of judicial or discretionary acts of public officials. Champlin v. Carter, 78 Okla. 300, 190 Pac. 679; Lovett v. Lankford, 47 Okla. 12, 145 Pac. 767.

The county superintendent being vested with the exercise of discretion and judgment in approving or rejecting such contracts, and the right to the relief sought not being clear and indisputable and free from all doubt and uncertainty, it follows that the writ of mandamus was erroneously and improperly issued by the trial court.

Therefore, the judgment of the trial court is reversed, with directions to deny the petition for the writ of mandamus, and to dismiss the action.

NICHOLSON, C. J., and HARRISON, PHELPS, LESTER, HUNT, CLARK, and RILEY, JJ., concur.

Note —See under (1, 3) 35 Cyc. p. 1085; (2) 27 Cyc. p. 794, 29 Cyc. p. 1433 (1926 Anno); (4) 26 Cyc. p. 283; 35 Cyc. p. 1085.