### BOARD OF ED. OF SCHOOL DIST. NO. 16 v. BARROW.

No. 18952. Opinion Filed Sept. 17, 1929.

Rehearing Denied Oct. 22, 1929.

Ramsey & Howell, for plaintiff in error.

George Trice and Denver N. Davison, for defendant in error.

REID, C. The sole question necessary to determine in this appeal can be illustrated by the brief statement that the action was brought by the board of education of school district No. 16 of Coal county, as plaintiff, against the defendant, Allie Barrow, to restrain her from teaching in said school. It is alleged in plaintiff's petition that said board entered into a contract with the defendant on the 8th day of July, 1927, to teach said school for a term of eight months during the school year of 1927-1928, at a salary of $85 per month, but that the contract was invalid because it was never approved by the superintendent of public instruction of said county.

The defendant answered by general denial, and pleaded that the contract was valid, and that she had performed her duties thereunder until served with a restraining order issued in the cause, and there was due her the sum of $85 under the terms of the contract. She asked that the restraining order be dissolved; that plaintiff be denied the relief prayed for; that her contract be declared valid and the board of education of said district be ordered to issue her a warrant for the services already performed; and that the board be ordered to issue to her warrants in payment of her services as the same should become due thereafter under the contract.

The case was tried to the court on Sep-

tember 6, 1927, and plaintiff's prayer for permanent injunction was denied and judgment was entered, declaring the contract valid and binding on the school district, and a further order and judgment for defendant in accordance with the prayer of her cross-petition.

From the judgment of the court so entered, the plaintiff has appealed. And reference will be made to the parties as they stood in the court below.

We have concluded that there is only one question necessary for us to determine. It stands admitted by the record that the contract signed by the board of education and by the defendant was never approved by the county superintendent of public instruction of Coal county. The relevant part of section 10367, C. O. S. 1921, to this question is as follows:

"No district board or board of education shall have authority to pay any money or issue any warrants for the payment of money to any person for services as teacher or instructor, except for services performed under and by virtue of a valid written contract approved by such county superintendent existing between such district board and such teacher to be paid. * * *"

Let us turn this case around and view the cross-petition of the defendant as an original action by her against the school district. We then have a case in which the evidence shows that the contract was signed by the teacher and the members of the board of education of the school district, but never approved by the county superintendent. It is upon the validity of such contract that the judgment of defendant in this case must rest if it shall stand.

Her whole case as made by the record seems predicated upon the proposition that, if it were necessary that the county superintendent approve the contract, then that requirement is met by proof showing that he should have approved it. And, in effect, that, if the trial court upon hearing the evidence concluded that the action of the county superintendent in refusing to approve the contract was arbitrary and unreasonable, and not a proper exercise of his discretion, then the court by judgment declaring the contract valid could substitute its approval for that of the superintendent. We cannot agree that this is the law. The establishment of such practice would lead to utter confusion in the administration of the school system of this state. The requirement that the board of education shall not pay any teacher for his services except upon written contract by the board and teacher, approved by the county

superintendent, cannot be circumvented by such procedure.

The law of this case has been found by this court in the case of Means, Supt., v. Vernon, 108 Okla. 123, 235 Pac. 163. In that case the teacher and board of education signed the contract, presented it to the county superintendent for approval, and she refused to approve it, whereupon the teacher brought mandamus against the superintendent to compel the approval. The court in the first paragraph of its syllabus said:

"Under the provisions of section 10367, Comp. Stat. 1921, the approval of the county superintendent is essential to validate contracts entered into between the district school boards and teachers."

In the most effective way possible, the statute requires the approval of the contract by the county superintendent by saying that no money shall be paid or warrant issued for the payment of money to any person for services as a teacher, except where the services are performed under and by virtue of a valid written contract approved by such superintendent.

Other questions upon which evidence was presented in the trial court, and also discussed in the briefs of the parties, are immaterial in view of our conclusion as indicated, for the reason that defendant's judgment must rest entirely upon the foundation of a valid contract. And as the undisputed evidence in the case, when measured by the statute and interpretations we have given it, shows the teacher had no such contract, then the judgment based thereon must fall and nothing else need be said.

The judgment is reversed, with directions to the trial court to set the same aside, and enter judgment in accordance with the views herein expressed.

DIFFENDAFFER, LEACH, JEFFREY, and FOSTER, Commissioners, concur.

By the Court: It is so ordered.

Note.—See "Schools and School Districts," 35 Cyc. p. 1085, n. 52.