**PURCELL-LEXINGTON TOLL BRIDGE CO. v. LEEPER, Secy. of State.**

No. 20785.  Opinion Filed Jan. 27, 1931.

Rehearing Denied March 24, 1931.

Ames, Cochran, Ames & Monnet, for plaintiff in error.

J. Berry King, Atty. Gen., and Wm. L. Murphy, Asst. Atty. Gen., for defendant in error.

ANDREWS, J.  The plaintiff in error, hereinafter referred to as plaintiff, was duly incorporated under the laws of the state of Oklahoma on May 18, 1911, the articles of incorporation providing for a term of 20 years from that date.  On May 23, 1929, the plaintiff, pursuant to the provisions of chapter 41 of the Session Laws of 1927, filed with the Secretary of State amended articles of incorporation providing for an extension of the term of the corporation for a period of 20 years from May 23, 1929, and requested the issuance of an amended charter pursuant to the provisions of section 5306, C. O. S. 1921, as amended by chapter 45 of the Session Laws of 1923-24.

The plaintiff contended that it was entitled under the law to an amended charter and that it was the duty of the Secretary of State to cause the amended charter to issue. The Secretary of State refused to issue such amended charter, and the plaintiff instituted a mandamus suit in the district court of Oklahoma county to require the Secretary of State to issue the same.  The Governor of the state was not made a defendant therein.  The facts were agreed to, and both the plaintiff and defendant moved for judgment on the pleadings and agreed statement of facts.  Judgment was entered sustaining the defendant's motion for judgment and denying the peremptory writ of mandamus, and the plaintiff appealed to this court.

Chapter 41 of the Session Laws of 1927 provides that any corporation chartered under the laws of the state of Oklahoma "may renew its charter and extend the time of its existence for a period of not exceeding 20 years at any one time," by filing amended articles of incorporation and proceeding as therein set forth.  The procedure for the amending of articles of incorporation is provided by chapter 45 of the Session Laws of 1923-24, amending section 5306, C. O. S. 1921. Chapter 45, Id., provides, among other things, that any corporation organized under the laws of the state, for which a charter has been issued, may amend its articles of incorporation in any particular competent to have been embodied or inserted in the original articles of incorporation and that thereupon the Secretary of State "shall cause an amended charter to issue, signed by the Governor, and attested by the seal of the state," from which date the amendments shall be effective as of the date of the original articles of incorporation.

We do not consider it necessary to discuss the reasons assigned by the Secretary of State for refusing to issue the amended charter requested or to determine whether or not they are valid reasons. Under the view we take of the law applicable hereto, it is immaterial whether or not those reasons are such as to justify the Secretary of State in refusing to issue the amended charter.

The Secretary of State is represented herein by the Attorney General of the state.  It

is his duty, when requested by the Governor, to represent the Governor. It is his duty to advise both the Secretary of State and the Governor as to the law. It is presumed that he has done and will do his duty. This court must assume, in the absence of evidence to the contrary, that the Secretary of State acted upon the advice of the Attorney General in refusing to issue the amended charter and that the Governor of the state, following the advice of the Attorney General, would refuse to sign the amended charter.

The record nowhere shows either allegation or proof that the Governor had signed the amended charter requested or that the Governor would sign the amended charter requested if it were presented to him. Under the plain terms of the statute, the amended charter sought by the plaintiff must be signed by the Governor. The proceeding is not against the Governor, the Governor is not a party thereto, and there is no request for any writ directing the Governor to sign the amended charter.

For this court to make an order or to direct the trial court to make an order in the form of a peremptory writ of mandamus directing the Secretary of State to cause an amended charter to issue, **signed by the Governor,** in the absence of a showing that the amended charter had been signed by the Governor or that the Governor was willing to sign the same, would be a useless act, for the order could be complied with only when and if the Governor signed the amended charter.

One of the statements of this court upon the subject was made in Witt v. Wentz, 142 Okla. 128, 286 Pac. 796, as follows:

"Requisites for a writ of mandamus are allegations of (1) a clear legal right on petitioner's part, (2) a plain legal duty on respondent's part, not involving the exercise of discretion, (3) adequacy of the writ and inadequacy of any other relief."

The same rule is expressed in different language in Sneed, Secretary of State, v. Tippett, 114 Okla. 173, 245 Pac. 40, as follows:

"Section 446, Comp. Stat. 1921, authorizes a writ of mandamus to compel the performance of any act which the law specially enjoins as a duty. A writ of mandamus should not issue to compel the Secretary of State to do any act which the law does not specifically enjoin upon him to perform, or by clear reasonable inference does not make it his duty to perform."

The writ of mandamus being a discretionary writ (Sheffield v. Fountain, 101 Okla. 168, 224 Pac. 339), and the record failing to show that the plaintiff has a clear legal right to have the Secretary of State cause an amended charter to issue, signed by the Governor and attested by the seal of the state, by reason of the inability of the Secretary of State to compel the Governor to sign the amended charter, and the record failing to show any plain legal duty of the Secretary of State to cause an amended charter to issue, signed by the Governor, in that there is no showing that the Governor has signed or is willing to sign such amended charter, there was no error on the part of the trial court, and the judgment is affirmed.

CLARK, V. C. J., and RILEY, CULLISON, SWINDALL, and McNEILL, JJ., concur. LESTER, C. J., and HEFNER and LANGLEY, JJ., absent.