MARION F. SKILLIN *vs.* HARLON L. SKILLIN.

York.     Opinion May 4, 1931.

*Hinckley, Hinckley & Shesong,* for plaintiff.
*Robinson & Richardson,*
*Willard & Willard,* for defendant.

SITTING: PATTANGALL, C. J., DUNN, STURGIS, BARNES, FARRINGTON, THAXTER, JJ.

THAXTER, J. This is an action for personal injuries brought by a daughter against her father. At the conclusion of the plaintiff's evidence the defendant moved for a nonsuit. The motion was granted. The defendant then filed a motion that the case be dismissed from the docket because of fraud and collusion in bringing and in prosecuting the action. This was likewise granted. The case is before us on exceptions to these rulings.

The evidence shows that the plaintiff, who was more than twenty-one years old, was a passenger on the rear seat of an automobile driven by her father. On the front seat was a friend, Dr. Woodworth, and her mother sat on the rear seat with her. Just prior to the accident her father was driving on the left-hand side of the road, on which there was another automobile approaching. He delayed in turning to the right until close to the other car, and then turned so sharply that he lost control of his car, which went off of the road and overturned. For injuries received the plaintiff has brought suit. She admits that she gave her father no warning of the approaching automobile nor cautioned him that he was driving on the left side of the road.

The defendant contends that the nonsuit was properly ordered, because the plaintiff was guilty of contributory negligence in failing to warn her father, and because this was a joint enterprise and the negligence of the defendant is imputable to her. On neither ground can the nonsuit be sustained. We can not hold that the failure of a passenger to warn the driver of an automobile under such circumstances as this is negligence as a matter of law. In this jurisdiction the negligence of the driver of an automobile is not imputed to a passenger. It is unnecessary to discuss seeming modifications of this doctrine arising out of the relation of principal and agent, or by reason of a joint control by both occupants over the operation of the car. The facts of this case do not bring it within such variations of the ordinary rule. There is some suggestion by counsel for the defendant in their brief that the plaintiff could not maintain this action, because, though she was more than twenty-one years of age, she was in fact unemancipated. It is perhaps

sufficient to say that this is a question for the jury and not for the court.

The motion to dismiss the case from the docket was filed by counsel for the defendant as *amicus curiae,* and the basis of it is that the suit is fictitious, and in fact instigated by the father, he being insured, for the purpose of collecting money, which will eventually go into his own pocket.

The right of the plaintiff to recover depends on the ordinary rules governing liability for negligence, and on whether or not she was of age and emancipated. The fact of insurance can not enlarge or restrict such right. That she should not be prejudiced by reason of it seems such an obvious principle that we should not comment on it, were it not for the fact that counsel seem to argue strenuously to the contrary.

Evidence showing insurance was introduced, not by the plaintiff, but by counsel for the defendant. This court has repeatedly held that the offering of such testimony for the purpose of influencing a decision on liability or on damages is improper and reprehensible. The authorities may be found collected in the recent case of *Ritchie* v. *Perry,* 129 Me., 440. It is evidence entirely irrelevant to the issues in this case, and there is as much impropriety in its introduction by a defendant as by a plaintiff. The ruling of the trial court in dismissing the case from the docket can not be sustained.

> *Exceptions sustained.*
> *Case to be restored to*
> *the docket of the Su-*
> *perior Court.*