## NEW YORK LIFE INS. CO. v. BEAVER, Judge.

No. 22918. Opinion Filed March 8, 1932.

Rehearing Denied March 29, 1932.

Wilson, Wilson, & Owens, for plaintiff.

Glenn O. Young, for defendant.

HEFNER, J. This is an original proceeding brought in this court by the New York Life Insurance Company against C. O. Beaver, as judge of the superior court of Creek county, for a writ of mandamus and a writ of prohibition to compel him, as such judge, to vacate and set aside an order made denying defendant the right to plead and to prohibit further proceedings in an action filed in this court wherein Ruth Martin was plaintiff and J. C. Keith and plaintiff herein were defendants. An alternative writ was granted by this court on October 9, 1931, and the case is now before us on the application of defendant to discharge the writ.

The record discloses that on the 14th day of April, 1931, Ruth Martin, as plaintiff, filed an action in the superior court of Creek county against J. C. Keith and the New York Life Insurance Company, for damages because of an alleged assault upon her. The insurance company, defendant in that action, filed a petition and bond for removal to the federal court. The trial court denied the application. Defendant thereupon filed a transcript of all the proceedings in the United States District Court for the Northern District of Oklahoma and caused the case to be docketed in that court. On motion of plaintiff below, the cause was remanded to the superior court of Creek county by the federal court on the ground that no removable cause existed. The order remanding the cause was made September 18, 1931, and on the 21st of September, before the mandate of the federal court was filed in the state court, defendant insurance company filed a general demurrer in that court to plaintiff's petition. On motion of plaintiff, the demurrer was stricken because it was filed out of time and without permission of the court. Defendant then asked permission to further plead in the matter, which permission was by the court denied and the cause was by it set for trial as a default case. This action was then brought by defendant insurance company in this court to compel vacation of the order denying it the right to plead and to prohibit the court from further proceedings in the case.

Defendant herein contends that plaintiff has an adequate remedy at law by appeal, and that this court should, therefore, dissolve the alternative writ. With this contention we agree. The writ of mandamus cannot be used to control the exercise of judicial or discretionary duties of public officials. Means v. Vernon, 108 Okla. 123, 235 P. 163; Champlin v. Carter, 78 Okla. 300, 190 P. 679; Lovett v. Lankford 47 Okla. 12, 145 P. 767; Witt v. Wentz, 142 Okla. 128, 286 P. 796; Purcell-Lexington Toll Bridge Co. v. Leeper, 148 Okla. 27, 296 P. 969.

When plaintiff, in the action in the trial court, presented her motion to strike defendant's demurrer because filed out of time, the court had the right and jurisdiction to pass on that motion. It appears from the finding of the court that it sustained the motion and denied defendant the right to further plead on the ground that it did not act in good faith in presenting its petition for removal of the cause to the federal court; that plaintiff herein well knew that the cause was, in fact, not removable; that the petition for removal was filed merely for delay; and that the application to remove did not, therefore, operate to extend

the time in which defendant was required to plead under the statute. This ruling cannot be controlled by mandamus. The defendant has an adequate remedy by appeal and must resort to such remedy in order to correct the error. Neither will a writ of prohibition issue to prohibit the court from proceeding to try the cause as a default case. The court has jurisdiction of the subject-matter and parties to the action.

During the time this cause was pending in the federal court, the jurisdiction of the state court was suspended. Upon remand by the federal court to the state court, we think the defendant New York Life Insurance Company should have been permitted to plead, and if, on proper application, the trial court refuses to vacate its former order and refuses to permit defendant to plead, the error can be corrected on appeal. It follows that the application for mandamus and writ of prohibition should be denied, and the alternative writ heretofore granted is vacated and discharged and the cause dismissed.

LESTER, C. J., CLARK, V. C. J., and RILEY, CULLISON, SWINDALL, McNEILL, and KORNEGAY, JJ., concur. ANDREWS, J., absent.