**STATE ex rel. HOARD v. ASHLEY, County Treas., et al.**

No. 23776.   March 19, 1935.

Williams & Williams, for plaintiff in error.

Stephen A. George and Champion, Champion & Fischl, for defendants in error.

GIBSON, J. This action was commenced in the district court of Carter county by plaintiff in error, plaintiff below, against defendant in error for a writ of mandamus commanding said defendant in error, Roy Ashley, county treasurer of Carter county, defendant below, to issue to the owners of certain property, omitted from the tax rolls, notice of the proposed listing and assessment of such omitted property as authorized by section 9798, C. O. S. 1921 (sec. 12346, O. S. 1931). From a judgment and order denying the peremptory writ, the plaintiff in error prosecutes this appeal.

The parties will be referred to as they appeared in the trial court.

We will first consider the contention of the defendant that plaintiff is without sufficient interest in the matters involved to entitle him to prosecute the appeal. To determine that question we will consider the right of plaintiff to maintain the action for writ of mandamus.

Plaintiff is a tax ferret in Carter county. Defendant, Roy Ashley, is the county treasurer of that county. The other defendants in error are associations and fraternal or-

ganizations, property owners of Ardmore, in said county, who were permitted to intervene in the mandamus action brought by the tax ferret against the county treasurer. Under our view of this case, it is not necessary to refer to them further.

To entitle a petitioner to a writ of mandamus, he must allege, among other requisites, a clear legal right on his part to the relief sought. Witt v. Wentz, 142 Okla. 128, 286 P. 796; Purcell-Lexington Toll Bridge Co. v. Leeper, 148 Okla. 27, 296 P. 969.

The writ can issue to no one except a party beneficially interested. Section 731, O. S. 1931, referring to issuance of the writ of mandamus, provides:

"731. Not Issued Where Remedy at Law— May Issue on Information of Interested Party. This writ may not be issued in any case where there is a plain and adequate remedy in the ordinary course of the law. It may be issued on the information of the party beneficially interested."

This section was adopted from the state of Kansas, and the Supreme Court of that state, in interpreting said statute, states, in the case of Young v. Regents of University of Kansas, 124 P. 150, as follows:

"'* * * The statute provides that the writ of mandamus 'may issue on the information of the party beneficially interested.' Civil Code, sec. 715 (Gen. St. 1909, sec. 6311). The party beneficially interested in the discharge of a purely public duty is the public as a whole. If such a duty be neglected, the public is the party injured. As a matter of good government, each individual is interested in the proper discharge of the duties of public officials, but, so long as his interest is merely that which he shares in common with other citizens, he must look to the law officers of the state to correct official delinquencies. An individual may have, however, a particular interest of his own, independent of that which he holds in common with the people at large, in the performance of a statutory duty imposed upon some officer or board. In such cases he is not simply an indistinguishable unit of the general public, but he is the possessor of a separate and peculiar right which enables him to say that he is the party beneficially interested, and so bring himself within the cited provision of the Code. * * *'"

This action is brought by plaintiff in his official or representative capacity. He alleges in his petition that he is a resident and taxpayer of Carter county, but he does not prosecute the case as such, and we do not deem it necessary to discuss here the right of plaintiff in his individual capacity to institute the action for writ of mandamus. Section 12346, O. S. 1931, provides for boards of county commissioners contracting with tax ferrets for the discovery of omitted property, prescribes the procedure with reference to determining whether or not the discovered property is taxable, and further provides:

"An appeal may be taken to the county court for (sic) the final action of the treasurer within ten days, by giving notice thereof in writing and filing an appeal bond, as in cases appealed from the board of county commissioners to the district court."

Section 7679, O. S. 1931, provides the procedure for appeals from decisions of boards of county commissioners by **any aggrieved party** and prescribes the procedure. That a tax ferret is not an aggrieved party and has not such an interest in the subject-matter involved in a proceeding to discover and assess omitted property as to entitle him to appeal from a final order of the county treasurer has been settled by this court in the case, In re Stewart Brothers, 53 Okla. 153, 155 P. 1124. In that case we said:

"A tax ferret has not such an interest in the subject-matter involved in a proceeding to discover property not listed and assessed for taxation and to list and assess the same, as to authorize him to prosecute an appeal from a final order of the county treasurer to the county court, or from the county court to the Supreme Court."

See, also, In re Boston Store, 53 Okla. 565, 157 P. 746.

If a tax ferret is not an **aggrieved party** and has not such a beneficial interest in the matter of the assessment of omitted property as to entitle him to appeal from the final order of a county treasurer, in our opinion he has not such a beneficial interest as will enable him to maintain an action for a writ of mandamus under section 731, O. S. 1931, supra, against the county treasurer to compel him to issue to the owner of such omitted property notice of the proposed listing and assessment thereof. His interest is identical in each proceeding. Having no such beneficial interest as to entitle him to institute the action for writ of mandamus, his interest is not such as to entitle him to prosecute an appeal to this court from an order and judgment denying such writ.

In view of our holding herein, it is not necessary to consider the other questions

urged by plaintiff for the reversal of this cause.

The appeal is therefore dismissed and the cause is remanded to the trial court, with directions to dismiss the action.

McNEILL, C. J., OSBORN, V. C. J., and RILEY, BAYLESS, BUSBY, PHELPS, and CORN. JJ., concur. WELCH, J., absent.