Carroll,
May 1, 1951. } No. 3953.

IRVETTE L. RINES *v.* STANLEY J. RINES.

56

*Cooper, Hall & Cooper* and *John M. Brant* (*Mr. Burt Cooper* orally), for the plaintiff.

*Nighswander & Lord* (*Mr. Hugh H. Bownes* orally), for the defendant.

BLANDIN, J. The plaintiff's first claim is that as the Maine law with reference to a parent's right to sue an unemancipated minor child is not clear New Hampshire law on that subject should be applied. On that premise she argues that under New Hampshire law the action was maintainable. Should this contention fail she says that the matter being one of remedy and not of right our law governs and her suit is sustainable. She cites no authority in support of the proposition that the matter is one of remedy and not of right nor do we know of any. The rationale of the rule forbidding actions between parent and child is that it is contrary to public policy and hence no right of action exists. See 39 Am. Jur., Parent and Child, *ss.* 92, 90 (*p.* 736) where the authority says in speaking of the effect of liability insurance in such cases that it should not create "a cause of action where *none existed before.*" (Emphasis

supplied). Infancy is not an affirmative defense as is the statute of limitations which the plaintiff cites as analogous, where a right has existed but is barred by lapse of time and which generally must be pleaded. 54 C. J. S., Limitations of Actions, s. 354; *Moore* v. *Insurance Company*, 64 N. H. 140, 142. On the contrary unemancipation is a complete barrier to the suit and the burden is on the plaintiff to show it no longer exists. 67 C. J. S., Parent and Child, s. 61 a(2) *p.* 787. We believe the matter is one of substance and if so concededly the law of Maine controls as the Trial Judge correctly charged. Restatement, Torts, s. 7; Restatement, Conflict of Laws, s. 378; 60 C. J. S., Motor Vehicles, s. 259; 15 C. J. S., Conflict of Laws, s. 12 a(2). We turn therefore to Maine decisions to determine its law.

In the case of *Skillen* v. *Skillen,* 130 Me. 223, a daughter who was over twenty-one years old when the accident happened sued her father for injuries received while riding with him. In its opinion the court said "there is some suggestion . . . that the plaintiff could not maintain this action, because, though she was more than twenty-one years of age, she was in fact unemancipated. It is perhaps sufficient to say that this is a question for the jury and not for the court. . . . The right of the plaintiff to recover depends upon the ordinary rules governing liability for negligence and on whether or not she was of age and emancipated. The fact of insurance cannot enlarge or restrict such right." *Id.,* 224, 225. We interpret this as meaning that the Maine law is in accord with the great weight of authority in other common-law states and forbids suits between parent and child under such circumstances as are before us here. It follows the exception to the Court's charge that a parent has no right of action against an unemancipated minor is overruled.

We now come to the plaintiff's argument that the Court erred in charging the jury that the test of negligence to be applied to the defendant under the Maine law, which admittedly governs on this phase of the case, was "the standard of the average prudent person of his age under the circumstances existing at that time." We believe the charge was correct. In one of the late Maine cases on the subject, *Ross* v. *Russell,* 142 Me. 101, 104, the court stated that an eight year old child must use "that degree 'of care which ordinarily prudent children of her age and intelligence are accustomed to use under like circumstances'" and that "no hard and fast rule can be laid down as to the care required of children. It

is a question of the facts of each particular case." Admittedly this expresses the Maine law as established in numerous cases including that of *Wyman* v. *Berry,* 106 Me. 43, involving a sixteen year old boy. It is in accord with the charge here and the weight of authority as conceded in the plaintiff's brief.

But the plaintiff says that in none of the Maine cases was the minor to whom this test was applied over sixteen years of age. She further claims that the decision in *Barlow* v. *Lowery,* 59 A. (2d) 702 (Me. 1948) shows a departure from this rule. We do not believe this is so. The only question squarely raised there was on exceptions of the fifteen year old plaintiff and his father to the denial of their motions for new trials. In upholding the denial the court held that it could not say that "in these verdicts there is 'clear' or 'manifest' error." *Id.,* 706. No question of the age of the minor plaintiff was raised or mentioned. His negligence appears findable on the facts, judged by any standard. It is nowhere suggested that earlier decisions on the matter of the care required of minors are being overruled or modified to any degree. In the absence of a clear indication to this effect and of the question being raised we should not assume that the Maine court has reversed itself and departed from the general law on the subject. We believe the Maine law regarding the care required of minors is in accord with the weight of authority.

It follows the plaintiff's exception to the charge is overruled and there being no others of merit the order is

*Judgment on the verdict.*

All concurred.