**Marcus L. HAMPTON, Petitioner,**

v.

**Honorable S. J. CLENDINNING, Judge of the District Court of Tulsa County, State of Oklahoma, Respondent.**

**No. 41811.**

Supreme Court of Oklahoma.

March 15, 1966.

Rehearing Denied April 26, 1966.

Second Petition for Rehearing Denied May 17, 1966.

Joseph A. Sharp, Best, Sharp, Thomas & Glass, Tulsa, for petitioner.

Tom Klentos, Jack I. Gaither, Tulsa, for respondent.

BERRY, Justice.

This matter is presented upon Petitioner's application for this Court to assume original jurisdiction for issuance of a writ of prohibition. The special relief sought is an order enjoining the district court and respondent judge from proceeding further in Case No. 110,142, now pending in the District Court of Tulsa County, Oklahoma. The matters which precipitated the application for extraordinary relief are summarized briefly hereafter.

On May 19, 1963, Petitioner, an adult resident of the State of Arkansas, was operating an automobile upon the streets of the City of Tulsa. He was involved in an intersection accident with an automobile driven by William B. Hinkle, the eighteen year old unemancipated son of R. O. and Evelyn Hinkle. The mother was a guest passenger in the Hinkle car at the time.

On May 13, 1965, Evelyn Hinkle filed an action seeking to recover damages for personal injuries allegedly received as a result of the accident. The petition named Petitioner and plaintiff's son as parties defendant and charged both with separate, concurrent and commingling acts of negligence. The named defendants were served with summons issued out of the District Court of Tulsa County.

Thereafter Petitioner filed Motion To Dismiss the defendant Hinkle from the action. This motion presented the issue that Oklahoma law does not afford plaintiff a right of action against her unemancipated, minor son, whose presence in the action as a co-defendant was prejudicial to Petitioner's rights. After hearing, the respondent overruled Petitioner's motion.

Petitioner then filed this proceeding, seeking special relief by way of prohibition, against the district court, directing the respondent judge to desist from proceeding further in the pending cause. Petitioner's position is that in this jurisdiction a parent cannot maintain a cause of action in tort against an unemancipated minor who is resident of the household, and the purported service upon such minor was void and conferred no jurisdiction upon respondent. Thus respondent's action in overruling the Motion To Dismiss constituted an excessive and unauthorized exercise of judicial power which will result in irreparable injury to defendant, whose only relief must be derived from this Court's exercise of its superintending control of an inferior court by issuance of writ of prohibition.

Respondent asserts jurisdiction of the district court over the person of Petitioner and the subject matter. It is urged that Petitioner cannot complain of alleged errors adversely affecting other parties but not Petitioner; that there exists an adequate remedy by appeal; that removal of this cause to the United States District Court resulted in remand to the Tulsa County District Court upon grounds such court had jurisdiction, which remand constituted judicial determination of the state court's jurisdiction. No authority for this last argument is offered

Respondent urges that prohibition is not a proper remedy because the district court has jurisdiction of the parties and subject matter; the exact question of law has not been passed upon and the trial court should be permitted to hear the evidence and not be deprived of the right to determine a novel question of law. And, if an erroneous ruling is made Petitioner is protected by having an adequate remedy by appeal. It is sought to support this argument by citation of decisions which announce that where a district court has jurisdiction of the *parties* and the *subject matter* of a pending cause and the rights of the parties

can be protected adequately by appeal, prohibition will not lie although the trial court made an erroneous determination of the law. See New York Life Ins. Co. v. Beaver, 156 Okl. 134, 9 P.2d 429, as typical of the authorities cited and relied on by respondent. Each decided case is bottomed upon the requisite finding of jurisdiction both as to the parties and the subject matter.

Questions relating to "jurisdiction" have been considered and the term defined innumerable times. In Parker v. Lynch, 7 Okl. 631, 56 P. 1082, is found this statement:

"Jurisdiction is the authority by which courts and judicial officers take cognizance of and decide cases; power to hear and determine a cause. If a court has jurisdiction of the persons to the action, and the cause is the kind of a cause triable in such court, it has jurisdiction of the subject of the action, and has the power to render any rightful judgment therein."

In the body of the opinion the court quoted from State of Rhode Island v. Com. of Massachusetts (U.S. 1828–1842) 12 Pet. 657, 718, 9 L.Ed. 1233:

" * * * The question is whether, on the case before a court, their action is judicial or extrajudicial, with or without the authority of law to render a judgment or decree upon the rights of the litigant parties. If the law confers the power to render a judgment or decree, then the court has jurisdiction; what shall be adjudged or decreed between the parties, and with which is the right of the case, is judicial action, by hearing and determining it, * * *."

Both parties to this proceeding recognize that the question here presented has not been considered heretofore. However, Petitioner asserts that the weight of authority, based upon the theory that a child cannot sue a parent, is that a parent cannot maintain an action in tort against an un-

emancipated child. See 39 Am.Jur., Parent and Child § 92:·

"Upon the same theory as that on which a child is held not entitled to sue its parent for a personal tort, it is likewise held that such a suit cannot be maintained by the parent against the child. This is also true of a parent acting as natural guardian. It is said that maintenance of a suit in tort against a minor child is inconsistent both with the parent's status and legal duties and with the dependence of the child upon him.

"As in the case of suits by the child against the parent, it has been suggested that a different rule ought to prevail where the child carries liability insurance, as is frequently the case in suits involving automobile accidents. This argument, however, in favor of the maintenance of the suit by the parent, has not as yet been generally accepted, and in fact has been rejected by some courts upon the ground that the existence of insurance has no bearing on the cause of action of the parent against the child, and that if the general rule is to be changed in these cases, this is a matter for the legislature, not for the courts."

Petitioner relies upon our holding in Tucker v. Tucker, Okl., 395 P.2d 67, as expressed in the syllabus as determinative of this matter:

"A minor child may not recover damages from a parent for personal injuries suffered while unemancipated as a result of said parent's ordinary negligence in the operation of an automobile in which the child was riding as a guest passenger; and the fact that an insurance company has contracted to pay on behalf of the insured parent all sums which the insured parent may become legally obligated to pay does not give rise to a cause of action based on the parent's ordinary negligence where no cause of

action exists against the parent if not so insured."

This rule was placed squarely upon the recognized weight of authority as discussed in the opinion (395 P.2d p. 70). Upon this basis Petitioner asserts the validity of the converse of the rule cannot be doubted, and must control in this proceeding. Particularly in view of the decisive reasoning advanced in Tucker, supra, we necessarily conclude Petitioner's argument is sound and his position must be sustained.

The issue as to whether a minor could recover in tort against a parent first was presented in Powell v. Powell, Okl., 370 P.2d 909, but determination of that appeal was upon other grounds. However, in Tucker, supra, the Court met and determined these questions:

1. The fact that a wife who could not sue a husband for damages at common law, but had been permitted to maintain such an action in this State (Courtney v. Courtney, 184 Okl. 395, 87 P.2d 660) was not an implied declaration of public policy which would permit a minor to sue a parent. The wife's right of action arose from the right extended by specific statute, but no comparable statutes concerning rights of minors exist in this State.

2. The reason for the existing public policy, denying the right of action to an unemancipated child, cannot be said to disappear simply because the parent is protected by liability insurance; consideration of the question relative to the effect of insurance coverage is premature until it appears the insured parent is legally obligated to pay.

3. Although certain of our statutes provide a basis for a child's right to sue the parent when property rights are involved, there are no comparable statutes specifically indicating the right of a minor to sue a parent in tort.

4. No right accrues to a minor against his parent upon emancipation to bring an

action for tort occurring while unemancipated.

Questions relative to the right of an unemancipated minor to sue a parent in tort have been considered innumerable times by courts of practically every jurisdiction. Since the early case of Hewlett v. George (1891) 68 Miss. 703, 9 So. 885, 13 L.R.A. 682, the rule of non-liability of a parent has been applied generally. The rule is based upon the principal that no such action was maintainable at common law, and the peace of society and a sound public policy forbid assertion of such a right by an unemancipated minor child. The extent to which the question has received consideration, and the variety of discussion and reasoning accorded the variations of the problem are observable in annotations in 31 A.L.R. 1157; 42 A.L.R. 1363; 71 A.L.R. 1071; 72 A.L.R. 449; 122 A.L.R. 1352; 19 A.L.R.2d 438; 60 A.L.R.2d 1284. A contrary result has been reached, however, in an action based upon wilful or malicious tort. Cowgill v. Boock, 189 Or. 282, 218 P.2d 445, 19 A.L.R.2d 405.

In Duffy v. Duffy, 117 Pa.Super. 500, 178 A. 165, a verdict was returned for the parent in an action brought to recover damages resulting from the minor's negligence. In affirming the court's action in granting judgment for defendant non obstante veredicto, the appellate court cited and relied upon the holding in Schneider v. Schneider, 160 Md. 18, 152 A. 498, 72 A.L.R. 449, expressing the majority rule, and quoted Schneider that: "A right of action is not one open to any and all persons against any others, without reference to the relationships which may exist between them. * * *" And in Duffy the court stated, in relation to the presence of liability insurance:

"Without a legislative mandate, we see no justification for making such a discrimination, thus segregating automobile cases from other actions by a parent growing out of the negligent conduct of an unemancipated minor, because in many automobile cases insurance might be carried that would give protection. That distinction has never been recognized in any of the decisions called to our attention, and we refuse, * * * to adopt such a theory."

The Pennsylvania court also cited Crosby v. Crosby, 230 App.Div. 651, 246 N.Y.S. 384, and Lo Galbo v. Lo Galbo, 138 Misc. 385, 246 N.Y.S. 565, pointing out that recovery was denied the parent in each case. It may be noted that in Lo Galbo the decision was based upon stare decisis, the writer expressing the opinion that the presence of liability insurance destroyed the question of public policy.

Also see Skillin v. Skillin, 130 Me. 223, 154 A. 570, stating that the right of a parent to recover from the child depends upon ordinary rules governing liability for negligence, and upon whether the child was of age, and emancipated, since the fact of existence of insurance neither enlarges nor restricts the right of action. To the same effect see Rines v. Rines, 97 N.H. 55, 80 A.2d 497, quoting Skillin, supra.

The rule stated in '39 Am.Jur., Parent and Child § 92, supra, is that a parent cannot maintain an action in tort against an unemancipated minor child appears as the current weight of authority. It must be recognized that certain reasons advanced in support of the rule of non-liability have been the subject of criticism by text writers and some more recent decisions. And, in more recent years some dissent has been registered against absolute adherence to a rule of non-liability, upon the ground that such adherence has resulted in denial of substantial justice in some cases. Cowgill v. Boock, supra.

Under the facts in this case we are of the opinion no cause of action based upon tort can be maintained by a parent against an unemancipated minor child. A petition which attempted to charge such minor with liability for alleged negligence as a defendant was not sufficient to invest

the trial court with jurisdiction to render a judgment, since no cause of action existed against the minor defendant. The trial court's action in overruling defendant's motion to dismiss as to such minor constituted an assumption of judicial power not granted by law. In such instances prohibition is a proper remedy. Gordon v. Followell, Okl., 391 P.2d 242.

The application for this Court to assume original jurisdiction is granted, and writ of prohibition accordingly is granted as prayed for by Petitioner, prohibiting further proceedings against defendant, William B. Hinkle.

HALLEY, C. J., JACKSON, V. C. J., and DAVISON, WILLIAMS, BLACK-BIRD, IRWIN and HODGES, JJ., concur.