POLLUTION CONTROL BOARD — AUTHORITY TO ACT ON ITS OWN INITIATIVE A request in writing from a member agency of the Pollution Control Coordinating Board requesting the Board to act on its own initiative is sufficient to invoke the jurisdiction of the Board pursuant to 82 O.S. 934 [82-934](c) (1975), without a prior finding that the agency or agencies having jurisdiction have failed, refused, or neglected to take action. The director of the Department of Pollution Control may initiate formal action pursuant to 82 O.S. 934 [82-934](c) in response to a request from a member agency only if the Board, in its sound discretion, deems such action appropriate. The authority of the Pollution Control Coordinating Board to act on its own initiative, delineated in 82 O.S. 934 [82-934](c) (1975), is discretionary and not mandatory in nature, and thus, any duly considered refusal to initiate action would not be subject to mandamus action. The Attorney General has received your request for an opinion, wherein you ask, in effect, the following questions: 1. Is a request in writing from a member agency of the Pollution Control Coordinating Board sufficient to grant the Board jurisdiction to take action on such request without a finding that the agency having jurisdiction has failed, refused, or neglected to take action? 2. Does the director of the Department of Pollution Control have the authority to initiate action on such a request prior to being so directed by the Board? 3. If action is not initiated by the Board upon receipt of such a written request, is it subject to a mandamus action to compel action ? Title 82 O.S. 934 [82-934] (1975) is determinative of the answer to your first question, and reads, in pertinent part, as follows: "The board is hereby vested with the following powers and duties: . . "(c) To act on its own initiative, as provided in 82 O.S., to prevent or abate any pollution of the environment of the state at any time the board finds, by a concurring vote of at least five (5) members thereof, that the agency having jurisdiction over such pollution has failed, refused or neglected to take action to abate or prevent such pollution in discharge of the duties and responsibilities imposed upon such agency by the laws of this state; or to take such action when the request is in writing to do so by the agency or agencies affected; or when no agency has jurisdiction to abate or prevent such pollution; or when there is overlapping authority or conflicting authority among state agencies; or when a state agency has jurisdiction but no enforcement authority; the board may then promulgate rules and regulations necessary to prevent or abate such pollution; . . ." (Emphasis added) A plain reading of this statute dictates that your first question be answered in the affirmative. It is clear that the emphasized section of 82 O.S. 934 [82-934](c) grants the Pollution Control Coordinating Board authority to take action separate and apart from any authority derived from a finding pursuant to the first clause of the section that the agency having jurisdiction has failed, refused, or neglected to take action to abate or prevent pollution. Action may be initiated upon the written request of the agency or agencies affected under 82 O.S. 931 [82-931](e) (1971) by a concurring vote of five (5) members of the Board. It should be noted that, under this rationale, the Board has the independent authority to act on its own initiative to prevent or abate pollution when any one of the circumstances set forth in the five separate clauses of 82 O.S. 934 [82-934](c) exists. Title 82 O.S. 932.2 [82-932.2] (1975) delineates the duties of the director of the State Department of Pollution Control and reads, in pertinent part, as follows: "(b) It shall be the duty of the director to: "(1) Act as the chief administrative officer for the purpose of carrying out the provisions of this act. ". . . "(5) Act as agent for the board in all matters relating to its activities and the discharge of its responsibilities." From the above, it is apparent that at such time as the Pollution Control Board determines to act under the authority of 82 O.S. 934 [82-934](c), the director of the Department of Pollution Control is responsible, as the chief administrative officer for the Board, to carry out its directives. It should be noted, however, that the powers and duties set forth in 82 O.S. 934 [82-934](c) of the Pollution Control Coordinating Board Act are not mandatory in nature, but rest in the Board's sound discretion. This discretionary function of the Board may not be delegated to the director. In other words, the discretion to initiate action under 82 O.S. 934 [82-934](c) is a nondelegable function of the Pollution Control Coordinating Board. See 67 C.J.S. "Officers", 114, page 404 (1950), which states: "Delegation of duties. As a general rule official duties involving the exercise of discretion and judgment for the public weal cannot be delegated . . . . under the rule delegatus non protest delegate, a person to whom a duty is delegated cannot lawfully devolve a duty on another unless expressly authorized to do so." Thus, in answer to your second question, it becomes apparent that the director of the Department of Pollution Control may initiate formal action pursuant to the provisions of 82 O.S. 934 [82-934](c) only if authorized to do so by the Pollution Control Coordinating Board. This is not to say the director cannot perform certain preliminary functions regarding pollution complaints, i.e., pursuant to 82 O.S. 936 [82-936](c) (1971), he should docket complaints in a record kept for that purpose; refer such complaints to the agency or agencies having primary jurisdiction; receive a report on them from such agency or agencies; and place such complaints on the calendar for the next board meeting. The answer to your second question is also applicable to your third question, i.e., inasmuch as acting on its own initiative is a discretionary act on the part of the Board, as opposed to a mandatory duty, neither the Board nor the director would be subject to a mandamus order for declining to exercise such initiative, but only for refusing to consider exercising it. Board of County Commissioners of Nowata County v. Price, Okl., 385 P.2d 479 (1963); Means v. Vernon, 108 Okl. 123, 235 P. 163 (1925). It is, therefore, the opinion of the Attorney General that your questions be answered as follows: 1. A request in writing from a member agency of the Pollution Control Coordinating Board requesting the Board to act on its own initiative is sufficient to invoke the jurisdiction of the Board pursuant to 82 O.S. 934 [82-934](c) (1975), without a prior finding that the agency or agencies having jurisdiction have failed, refused, or neglected to take action. 2. The director of the Department of Pollution Control may initiate formal action pursuant to 82 O.S. 934 [82-934](c) in response to a request from a member agency only if the Board, in its sound discretion, deems such action appropriate. 3. The authority of the Pollution Control Coordinating Board to act on its own initiative, delineated in 82 O.S. 934 [82-934](c) (1975), is discretionary and not mandatory in nature, and thus, any duly considered refusal to initiate action would not be subject to mandamus action. (JAMES R. BARNETT) (ksg)